Peter J. **BRENNAN** as successor to James D. Hodgson, Secretary of Labor, United States Department of Labor, Plaintiff,

v.

**PARAGON EMPLOYMENT AGENCY, INC.**, and Evelyn Lane, Evelyn Lane appearing pro se. No appearance by the corporation, Defendants.

No. 71 Civ. 857.

United States District Court, S. D. New York, Civil Division.

March 26, 1973.

Alfred G. Albert, Acting Sol. of Labor, U. S. Dept. of Labor, Francis V. La Ruffa, Regional Sol., New York City, for plaintiff; David Reines, U. S. Dept. of Labor, of counsel.

Evelyn Lane, pro se.

## ORDER DISMISSING THE COMPLAINT

WHITMAN KNAPP, District Judge.

This action for injunctive relief was brought by the Secretary of Labor under the Age Discrimination in Employment Act of 1967, 29 U.S.C.A. § 621 et seq. At a pretrial conference held before me on February 20, 1973, I granted permission to defendants' counsel to withdraw and to the individual defendant to proceed pro se. I ruled that defendant's position as expressed at the conference be treated as a motion to dismiss the complaint for failure to state a cause of action. Plaintiff has submitted a memorandum in opposition to that motion.

The complaint alleges that defendant Evelyn Lane, who is the President of the defendant employment agency, ran advertisements which violated section 623 (e) of the Act, that attempts at conciliation have been unsuccessful, and that injunctive relief is therefore appropriate. No particulars as to the nature, time or place of the alleged violations appear in the complaint. However at the conference and in plaintiff's memorandum in opposition to this motion, it has been

brought out that the offending advertisements were printed in the New York Times and sought "college student[s]", "girls", "boys"[1] and "June graduates" to work for Ms. Lane at her employment agency.

Section 623(e) provides:

"It shall be unlawful for an employer, labor organization, or employment agency to print or publish, or cause to be printed or published, any notice or advertisement relating to employment by such an employer or membership in or any classification or referral for employment by such a labor organization, or relating to any classification or referral for employment by such an employment agency, indicating any preference, limitation, specification, or discrimination, based on age."

This section is enforceable by

". . . such legal or equitable relief as may be appropriate to effectuate the purposes of [the Act] . . . ." § 626(b).

An interpretative bulletin issued by the Labor Department construes section 4(e) as follows:

"(a) * * *

(b) When help wanted notices or advertisements contain terms and phrases such as "age 25 to 35," "young," "boy," "girl," "college student," "recent college graduate," or others of a similar nature, such a term or phrase discriminates against the employment of older persons and will be considered in violation of the Act . . . ." 29 C.F.R. § 860.92

Section 623(f) of the Act provides:

"It shall not be unlawful for an employer, employment agency, or labor organization—

(1) to take any action otherwise prohibited . . . where the differen-

tiation is based on reasonable factors other than age;"

The word "employer" is defined in the Act as "a person engaged in an industry affecting commerce who has twenty-five or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year: . . . ." 29 U.S.C.A. § 630(b). In contrast, the definition of any employment agency does not exclude even the smallest business. § 630(c). While the legislative history is silent as to the reasons for the distinction, it may fairly be explained as a recognition by the Congress of the disparate responsibilities and needs of the two categories.

■ In the instant case, the advertisements sought people to work for defendant Lane herself at her own office. She therefore placed the advertisements in her capacity as an employer, and not as an employment agent. The complaint does not allege that Ms. Lane met the statutory definition of an "employer". For this reason alone, the motion to dismiss may be granted.

There is, however, a more fundamental reason for dismissal namely, that the relief sought would not "be appropriate to effectuate the purposes" of the Act. § 626(b), *supra*.

■■ The Act was intended to alleviate the serious economic and psychological suffering of people between the ages of 40 and 65 caused by widespread job discrimination against them. See §§ 621, 631 of the Act, 1967 U.S.Code Cong. & Admin.News, p. 2213, Cong.Rec. Nov. 6, Dec. 4, 1967. The Congress hoped that it would substitute individual ability for generalizations founded on ignorance and irrational prejudice as the relevant standard for hiring, promoting, and retaining older people. The purpose of the Act was to prevent persons aged 40 to 65 from having their careers cut off by unreasonable prejudice. It was not intended to prevent their children

---

[1]. It has not been made clear whether the ads sought "girls and boys" or—illegally —"girls" for certain jobs and "boys" for

others. In any event, no violations of Title VII of the 1964 Civil Rights Act are here involved.

and grand-children from ever getting started. There is nothing in the Act that authorizes the Secretary of Labor to prohibit employers from encouraging young persons—whether or not in college—to turn from idleness to useful endeavor. I find such encouragement to be in the public interest and therefore based on "reasonable factors other than age." § 623(f), *supra*.

█ Insofar as the Secretary's interpretation is inconsistent with the foregoing, I decline to follow it. The interpretation being an "interpretative" rather than a "legislative" rule, the weight to which it is entitled depends upon "the thoroughness evident in its consideration, the validity of its reasoning, . . and all those factors which give it power to persuade, if lacking power to control." Skidmore v. Swift (1944), 323 U.S. 134, 140, 65 S.Ct. 161, 164, 89 L. Ed. 124. See also K. Davis, Administrative Law Treatise §§ 5.03, 5.04. I find the rule wholly lacking in reasonableness and, therefore, in the power to persuade.

For the reasons stated, the motion is granted and the complaint dismissed.

So ordered.