Henry Carl DEAN

v.

AMERICAN SECURITY INSURANCE COMPANY.

Civ. A. No. C76–237A.

United States District Court,
N. D. Georgia,
Atlanta Division.

June 30, 1976.

Charles E. Moore, Bruce D. Duncan, W. Larue Boyce, Atlanta, for plaintiff.

David R. Aufdenspring and R. Carl Cannon, of Powell, Goldstein, Frazer & Murphy, Atlanta, for defendant.

## ORDER

EDENFIELD, District Judge.

Plaintiff has brought this action for age discrimination, pursuant to 29 U.S.C. §§ 621, *et seq.*, for general and punitive damages and injunctive relief. The case is currently before the court on defendant's motion to strike the claim for general and punitive damages, defendant's motion to disqualify plaintiff's attorneys, and plaintiff's motion to compel discovery.

This district has recently held in three separate actions that compensatory and punitive damages may be awarded under the Age Discrimination in Employment Act inasmuch as the specific language of that Act allows the court to grant "such legal and equitable relief as may be appropriate to effectuate the purposes of this chapter," 29 U.S.C. § 626(b), *Murphy v. American Motors Sales Corp.*, 410 F.Supp.

1403 (N.D.Ga.1976) (Moye, J.), *Wilson v. American Motors Sales Corp.*, No. C76–125A (N.D.Ga. April 16, 1976) (Hill, J.), and *Davis v. Adams-Cates Co.*, No. C76–136A (N.D.Ga., June 30, 1976) (Edenfield, C. J.). The defendant nonetheless argues that § 626(b)[1] makes the Age Act Act part of the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201, *et seq.*, and incorporates into the Age Act the remedies available under the latter Act. It is true that § 626(b) dictates that the amounts owing to one discriminated against under the Age Act "be deemed to be unpaid minimum wages or unpaid overtime compensation for purposes of sections 216 and 217 [FLSA enforcement provisions]." It is also true that "liquidated damages" as defined in the FLSA, 29 U.S.C. § 216, are to be awarded under the Age Act only when there is a willful violation of the Act (as is true under the FLSA, 29 U.S.C. § 260). But it is apparent from a reading of § 626(b) that Congress intended the Age Act remedies to be broader in scope than those under FLSA. The section provides for whatever legal and equitable relief is needed to compensate the victims of age discrimination, in addition to the specific remedies outlined in the FLSA. Congress was no doubt concerned with the myriad ways in which an individual could be harmed by willful discriminatory conduct on the part of an employer. Unlike FLSA, the Age Act is intended to do more than repay employees for unpaid minimum wages; it is "intended to alleviate the serious economic and psychological suffering of people between the ages of 40 and 65 caused by widespread job discrimination against them," *Brennan v. Paragon Employment Agency, Inc.*, 356 F.Supp. 286, 288 (S.D.N.Y.1973). Thus, since the harm which may result from a violation of the Age Act may be significantly greater than harm caused by violation of FLSA, it is appropriate that the remedies available under the Age Act—including compensatory and punitive damages—not be limited by the amounts stipulated in the FLSA. The defendant's motion to strike is therefore DENIED. However, because there is substantial ground for difference of opinion on this issue, the court hereby CERTIFIES the issue for interlocutory appeal, 28 U.S.C. § 1292(b).

The defendant seeks to have all three of plaintiff's attorneys disqualified because one of the attorneys, W. LaRue Boyce, was a former employee of defendant. It appears that Mr. Boyce and the plaintiff both worked in the claims department of the defendant corporation and that Mr. Boyce earned his law degree while working there. Although he neither represented defendant in any legal matters nor performed any legal tasks for it, defendant nonetheless argues that Boyce should not be retained by plaintiff because he has had access to certain confidential information which he should not be entitled to use as plaintiff's attorney. The defendant also contends that Mr. Boyce should not be retained because he may be called as a witness by the plaintiff due to his knowledge of hiring practices in the claims department, and that it would

---

1. Section 626(b) of Title 29, U.S.C., provides: "The provisions of this chapter shall be enforced in accordance with the powers, remedies, and procedures provided in sections 211(b), 216 (except for subsection (a) thereof), and 217 of this title, and subsection (c) of this section. Any act prohibited under section 623 of this title shall be deemed to be a prohibited act under section 215 of this title. Amounts owing to a person as a result of a violation of this chapter shall be deemed to be unpaid minimum wages or unpaid overtime compensation for purposes of sections 216 and 217 of this title: *Provided*, That liquidated damages shall be payable only in cases of willful violations of this chapter. In any action brought to enforce this chapter the court shall have jurisdiction to grant such legal or equitable relief as may be appropriate to effectuate the purposes of this chapter, including without limitation judgments compelling employment, reinstatement or promotion, or enforcing the liability for amounts deemed to be unpaid minimum wages or unpaid overtime compensation under this section. Before instituting any action under this section, the Secretary shall attempt to eliminate the discriminatory practice or practices alleged, and to effect voluntary compliance with the requirements of this chapter through informal methods of conciliation, conference, and persuasion."

be inappropriate for him to act as advocate and witness in the same action. Moreover, since Mr. Boyce has been associated with Messrs. Duncan and Moore in the preparation of this case, defendant believes that they, too, should be disqualified because Mr. Boyce may have imparted some confidential information to them. The plaintiff opposes the motion, asserting *inter alia* that he has no intention of calling Mr. Boyce as a witness.

The defendant claims, on the one hand, that Mr. Boyce should be disqualified because he had access, as an employee, to certain confidential information and, on the other, that he should be disqualified because he may properly be called to testify about that information. Despite the apparent inconsistency of such an argument, the court agrees that it would be improper for Mr. Boyce to represent the plaintiff. Although Mr. Boyce was not employed as an attorney by the defendant (thus allowing him to testify on matters relating to his employment), the court nonetheless believes that Mr. Boyce has been too closely involved with the parties to the action to be able to "exercise independent professional judgment on behalf of [his] client," Ga.Code Ann., Title 9 Appen., Rule 3–105. Both Mr. Boyce and the plaintiff were employed in the same department, under the same supervisor. That supervisor had discussions with Mr. Boyce concerning alleged employment problems with the plaintiff. There is also evidence from both parties indicating that Mr. Boyce's departure from the claims department was occasioned by disagreement with his supervisors and was somewhat less than amicable. It should be apparent to all concerned that it is not in the interest of justice to allow attorneys, acting as officers of the court, to become too personally involved in the parties' dispute. For this reason, defendant's motion to disqualify Mr. Boyce is hereby GRANTED. At the same time, the court perceives no reason why Messrs. Duncan and Moore should also be disqualified. The fact that Mr. Boyce may have imparted some information concerning his employment to them is irrelevant; Mr. Boyce may legally impart that information to all who will listen in open court. The fact that the three attorneys share the same office (although they are not partners in one firm) does not, in itself, preclude them from exercising independent professional judgment. The defendant's motion to disqualify Messrs. Duncan and Moore is therefore DENIED.

The plaintiff has moved to compel answers to his first interrogatories. Inasmuch as the plaintiff has failed to comply with Local Rule 91.61, his motion to compel is DEFERRED to allow plaintiff to comply with the rule. Plaintiff is ALLOWED five (5) days to supplement his motion and defendant is ALLOWED five (5) days thereafter to respond. The court cautions the defendant, however, that its response should specifically delineate the reasons it cannot respond to each interrogatory; a repeat of the standard objections made previously will not be sufficient.

In sum, defendant's motion to strike is DENIED, and its motion to disqualify plaintiff's attorneys is GRANTED in part and DENIED in part as outlined above; plaintiff's motion to compel is DEFERRED pending supplemental pleadings.