Morris T. WALKER, Plaintiff,

v.

PETTIT CONSTRUCTION CO.,
INC., Defendant.

Civ. A. No. 77–984.

United States District Court,
D. South Carolina,
Spartanburg Division.

Sept. 30, 1977.

C. Robert Faucette, Spartanburg, S.C., Daniel T. Stacey, Columbia, S.C., for plaintiff.

Thomas C. Bradley, Jr., Spartanburg, S.C., for defendant.

## ORDER ON DEFENDANT'S MOTION TO STRIKE

HEMPHILL, District Judge.

This action is brought by a former employee of defendant under the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 621, et seq. Plaintiff seeks reinstatement, back pay, liquidated damages, attorneys' fees, costs, compensatory damages for pain, suffering, emotional and mental distress, and punitive damages for a willful violation on the basis of his claim to have been discharged in violation of the ADEA. Plaintiff has also demanded a jury trial.

Defendant has moved to strike the prayer for compensatory damages for pain and suffering, emotional and mental distress, the prayer for punitive damages and the demand for jury trial.

■ Defendant's motion to strike plaintiff's demand for a jury trial is denied. The Fourth Circuit, in *Pons v. Lorillard*, 549 F.2d 950 (4th Cir. 1977) held that a jury trial is available as a matter of right on the issue of lost wages in actions brought under the ADEA. Since the present case includes prayer for lost wages, defendant's motion to strike must fail.

■ The issue of punitive damages under the ADEA has not been considered in a published opinion in this Circuit. Additionally, the case law in various other United States Courts reveals a sharp divergence of authority. Punitive damages were allowed in *Murphy v. American Motor Sales Corp.*, 410 F.Supp. 1403 (N.D.Ga.1976) and *Dean v. American Security Ins. Co.*, 429 F.Supp. 3 (N.D.Ga.1976). Other courts have denied recovery of punitive damages under the ADEA, *Looney v. Commercial Union Assurance Co.*, 428 F.Supp. 533 (D.Mich.1977); *Hannon v. Continental National Bank*, 427 F.Supp. 215 (D.Colo.1977); *Platt v. Burroughs Corp.*, 424 F.Supp. 1329 (E.D.Pa. 1976); *Fellows v. Medford Corp.*, 431 F.Supp. 199 (D.Or.1977). The relevant enforcement provision of the ADEA is contained in 29 U.S.C. § 626(b) which provides:

The provisions of this chapter shall be enforced in accordance with the powers, remedies, and procedures provided in sections 211(b), 216 (except for subsection (a) thereof), and 217 of this title, and subsection (c) of this section. Any act prohibited under section 623 of this title shall be deemed to be a prohibited act under section 215 of this title. Amounts owing to a person as a result of a violation of this chapter shall be deemed to be unpaid minimum wages or unpaid overtime compensation for purposes of sections 216 and 217 of this title: *Provided*, That liquidated damages shall be payable only in cases of willful violations of this chapter. In any action brought to enforce this chapter the court shall have jurisdiction to grant such legal or equitable relief as may be appropriate to effectuate the purposes of this chapter, including without limitation judgments compelling employment, reinstatement or promotion, or enforcing the liability for amounts deemed to be unpaid minimum wages or unpaid overtime compensation under this section. Before instituting any action under this section, the Secretary shall attempt to eliminate the discriminatory practice or practices alleged, and to effect voluntary compliance with the requirements of this

chapter through informal methods of conciliation, conference, and persuasion.

The statute clearly states that "the court shall have jurisdiction to grant such *legal* or equitable relief as may be appropriate to effectuate the purposes of this chapter . . . ." Punitive damages have historically been a common form of legal relief which have served as a deterrent to improper conduct in the field of intentional torts. Wrongful discrimination, when willful and forbidden by statute, is in the nature of an intentional tort and, should willfulness be proven, punitive damages are appropriate to discourage and deter such conduct from others in the future. Section 626(b) provides that "this chapter shall be enforced in accordance with the powers, remedies, and procedures provided" in the Fair Labor Standards Act. Punitive damages are not recoverable under the Fair Labor Standards Act. *See* 29 U.S.C. § 216(b). However, § 626(b) specifically provides for additional remedies which are not contained in the Fair Labor Standards Act of 1938. The only logical, and uncontradictory reading of § 626(b) would provide that the Act "shall be enforced in accordance with the powers, remedies, and procedures provided in" the Fair Labor Standards Act insofar as those remedies parallel the remedies specifically provided by Congress in § 626(b). In addition to those remedies, the "court shall have jurisdiction to grant such legal or equitable relief as may be appropriate to effectuate the purposes of the Act." For this reason, the provisions of the Fair Labor Standards Act do not restrict the implementation of the additional remedies provided in 29 U.S.C. § 626(b). Therefore, the defendant's motion to strike plaintiff's request for punitive damages for a willful violation of the ADEA is denied.

By the same token, compensatory damages for pain and suffering, and emotional and mental distress are proper elements of damage which are necessary to make the plaintiff whole for injuries sustained due to violations of the ADEA. As previously noted, the spectrum of legal and equitable relief provided for in the ADEA is supplemental to the concurrent remedies which it shares with the Fair Labor Standards Act. In *Dean v. American Security Insurance Company*, 429 F.Supp. 3 (N.D.Ga. 1976), the court found that:

> [I]t is apparent from a reading of Section 626(b) that Congress intended the Age Act remedies to be broader in scope than those under FLSA. The section provides for whatever legal and equitable relief is needed to compensate the victims of age discrimination, in addition to the specific remedies outlined in the FLSA. Congress was no doubt concerned with the myriad ways in which an individual could be harmed by willful discriminatory conduct on the part of an employer. Unlike FLSA, the Age Act is intended to do more than repay employees for unpaid minimum wages; it is "intended to alleviate the serious economic and psychological suffering of people between the ages of 40 and 65 caused by widespread job discrimination against them," *Brennan v. Paragon Employment Agency, Inc.*, 356 F.Supp. 286, 288 (S.D.N.Y.1973).

This reasoning is persuasive and in keeping with the intent of the Act as expressed by several members of Congress at the time of its passage. *See,* comments of Senators Young and Javits, 103 Cong.Rec. 31248 (1967). The award of compensatory damages for pain and suffering and mental and emotional distress are well within the legal remedies available to this court to effectuate the purpose of the ADEA. Therefore, the defendant's motion to strike plaintiff's claim for compensatory damages in the form of pain and suffering and emotional and mental distress is denied.

Therefore, for the foregoing reasons, defendant's motions to strike are denied. Furthermore, upon extensive research of this area of law, it is apparent that, throughout the nation and in this Circuit in particular, it is in a total state of disarray. It is the opinion of this court that this order involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from this order may materially advance the ultimate determination of this

litigation. For this reason, this court hereby certifies this case for an interlocutory appeal pursuant to the provisions of 28 U.S.C. § 1292(b). Of course, the jury trial issue is not included in this certification.

AND IT IS SO ORDERED.