Harry L. **SLATIN**, Appellee,

v.

**STANFORD RESEARCH INSTITUTE,**
Appellant.

No. 77–1223.

United States Court of Appeals,
Fourth Circuit.

Argued Oct. 3, 1978.
Decided Jan. 15, 1979.

Frank C. Morris, Jr., Washington, D. C. (Robert E. Williams, McGuiness & Williams, Washington, D. C., on brief), for appellant.

Robert L. Deichmeister, Alexandria, Va. (Kenneth M. Trombly, Washington, D. C., on brief), for appellee.

Before WINTER and HALL, Circuit Judges, and HOFFMAN,* Senior District Judge.

WALTER E. HOFFMAN, Senior District Judge:

This suit arose upon a complaint by the plaintiff-appellee, Harry L. Slatin, alleging employment discrimination on the basis of age in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, et seq. (hereafter ADEA). The prayer for relief in the complaint requests an injunction compelling reinstatement, back pay, liquidated damages, interest, attorney's fees, costs, and damages for alleged "mental and physical pain and suffering." The complaint also demands a jury trial. The defendant-appellant, Stanford Research Institute (SRI), moved to strike the request for damages for pain and suffering as being beyond the scope of the ADEA, and also moved to strike the jury trial demand. The district court denied the motions, but certified both issues for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). By order of December 28, 1976, this court granted SRI's petition for leave to appeal.

Subsequent to certification for appeal, the jury trial issue has been resolved by the Supreme Court. In *Lorillard v. Pons*, 434 U.S. 575, 98 S.Ct. 866, 55 L.Ed.2d 40 (1978), the Court affirmed a decision of this court in which it was held that a litigant under the ADEA is entitled to a jury in an action for the recovery of lost wages. *Pons v. Lorillard*, 549 F.2d 950 (4th Cir. 1977). The Supreme Court recognized a Congressional intent that the ADEA be enforced in accordance with the powers, remedies and procedures of the Fair Labor Standards Act (FLSA), except where specifically modified in the new Act. Congress is presumed to be aware of an administrative or judicial interpretation of a statute and to adopt that interpretation when it re-enacts a statute without change. See *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 414 n. 8, 95 S.Ct. 2362, 45 L.Ed.2d 280 (1975). The well-established right to a jury trial in private actions pursuant to the FLSA is present, therefore, in actions arising under the ADEA. 434 U.S. at 580, 98 S.Ct. 866.

Likewise, Congress has since addressed this issue. Section 4(a) of the 1978 amendments to the ADEA (P.L. 95–256, April 6, 1978) amended § 7(c) of the 1967 Act to provide:

(2) In an action brought under paragraph (1) [29 U.S.C. 626(c)], a person shall be entitled to a trial by jury of any issue of fact in any such action for recovery of amounts owing as a result of a violation of this Act, regardless of whether equitable relief is sought by any party in such action.

Still unresolved in this circuit is the question of damages for pain and suffering. The enforcement provisions of the ADEA, 29 U.S.C. § 626, read as follows:

(b) The provisions of this chapter shall be enforced in accordance with the powers, remedies, and procedures provided in sections 211(b), 216 (except for subsection (a) thereof), and 217 of this title, and

---

* Senior United States District Judge for the Eastern District of Virginia, sitting by designation.

subsection (c) of this section. Any act prohibited under section 623 of this title shall be deemed to be a prohibited act under section 215 of this title. Amounts owing to a person as a result of a violation of this chapter shall be deemed to be unpaid minimum wages or unpaid overtime compensation for purposes of sections 216 and 217 of this title: *Provided,* That liquidated damages shall be payable only in cases of willful violations of this chapter. In any action brought to enforce this chapter the court shall have jurisdiction to grant such legal or equitable relief as may be appropriate to effectuate the purposes of this chapter, including without limitation judgments compelling employment, reinstatement or promotion, or enforcing the liability for amounts deemed to be unpaid minimum wages or unpaid overtime compensation under this section. Before instituting any action under this section, the Secretary shall attempt to eliminate the discriminatory practice or practices alleged, and to effect voluntary compliance with the requirements of this chapter through informal methods of conciliation, conference, and persuasion.

(c) Any person aggrieved may bring a civil action in any court of competent jurisdiction for such legal or equitable relief as will effectuate the purposes of this chapter: *Provided,* That the right of any person to bring such action shall terminate upon the commencement of an action by the Secretary to enforce the right of such employee under this chapter.

The pertinent provision of the FLSA, 29 U.S.C. § 216(b), provides:

(b) Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages.

Several district courts,[1] including two from this circuit,[2] have interpreted the ADEA provision to permit an award of damages for pain and suffering. These courts have largely relied upon the reasoning of the New Jersey district court in *Rogers v. Exxon Research & Engineering Co.,* 404 F.Supp. 324 (D.N.J.1975), rev'd 550 F.2d 834 (3rd Cir. 1977). In reviewing the district court's opinion in *Rogers,* the Third Circuit acknowledged the soundness of the lower court's reasoning, but reversed nonetheless, based on its differing view of Congressional intent with regard to the ADEA enforcement scheme.

The district court in *Rogers* had raised four arguments in support of allowing damages for pain and suffering in age discrimination actions:

(1) The ADEA, like Title VIII of the Civil Rights Act of 1968 (42 U.S.C. § 3612) creates a new statutory tort, and the existence of such a statutory right implies the existence of necessary and appropriate remedies; (2) the ADEA shares the "make whole" purpose of Title VII of the Civil Rights Act of 1964 and the emotional and psychological losses occasioned by age discrimination were clearly recognized by the Congress in its deliberations on the Act; (3) compensatory awards for pain and suffering have been found appropriate in other discrimination contexts, including employment and housing; (4) the cases denying damage awards for pain and suffering in Title VII actions have been premised on that statute's express limitation of relief to equitable remedies, whereas the ADEA contains a specific allowance of legal relief. *Coates v. National Cash Register Co.,* 433 F.Supp. 655, 664 (W.D.Va.1977).

1. *Buchholz v. Symons Mfg. Co.,* 445 F.Supp. 706, 713 (E.D.Wis.1978); *Bertrand v. Orkin Exterminating Co.,* 432 F.Supp. 952, 956 (N.D.Ill. 1977); *Combes v. Griffin TV, Inc.,* 421 F.Supp. 841, 847 (W.D.Okl.1976).

2. *Walker v. Pettit Construction Co., Inc.,* 437 F.Supp. 730, 732 (D.S.C.1977); *Coates v. National Cash Register Co.,* 433 F.Supp. 655, 664 (W.D.Va.1977).

The three courts of appeals which have considered the issue have all held that damages for pain and suffering are not recoverable in ADEA actions. *Vazquez v. Eastern Air Lines, Inc.*, 579 F.2d 107 (1st Cir. 1978); *Dean v. American Security Insurance Co.*, 559 F.2d 1036 (5th Cir. 1977), cert. denied 434 U.S. 1066, 98 S.Ct. 1243, 55 L.Ed.2d 767 (1978); *Rogers v. Exxon Research & Engineering Co., supra, cert. denied* 434 U.S. 1022, 98 S.Ct. 749, 54 L.Ed.2d 770 (1978).[3] They do so upon findings regarding Congressional intent, and their conclusion that pain and suffering damages are inconsistent with the administrative aspects of the ADEA enforcement scheme.

Each of the three circuit court opinions rely principally upon the ADEA's specific reference to "unpaid minimum wages," "unpaid overtime compensation," and "liquidated damages" (in the case of willful violations) as damages recoverable for violations of the Act. They hold that the broad language of § 626(b)— "The court shall have jurisdiction to grant such legal or equitable relief as may be appropriate to effectuate the purposes of this chapter" —is limited by these specific references to unpaid wages and overtime. Their reasoning is based upon analysis of Congressional intent.

The First Circuit read the ADEA's legislative history as showing that Congress rejected other avenues of enforcement in favor of selective adoption of FLSA enforcement provisions. The court pointed to the testimony of Senator Javits,· R., N.Y., a major proponent of the Act, before the Labor Subcommittee of the Senate Committee on Labor and Public Welfare;

> [T]he administration and enforcement of the law is placed in the hands of the Wage-Hour Division, and the method of

enforcement almost exactly parallels that used in minimum wage and hour [i. e. FLSA] cases. 113 Cong.Rec. 7076, 31250 (1967).

The court also pointed to his remarks during floor debate on the bill:

> The enforcement techniques provided by S. 830 [i. e. ADEA] are directly analogous to those available under the Fair Labor Standards Act; in fact, S. 830 incorporates by reference, to the greatest extent possible, the provisions of the Fair Labor Standards Act. *Id.*, at 31254.

The court noted that cases construing the FLSA since its enactment in 1938 have limited damages recoverable under the Act to those specifically enumerated therein (unpaid minimum wages, unpaid overtime compensation, and liquidated damages),[4] and reasoned that Congress must have been aware of this construction when it incorporated the FLSA enforcement provisions into the ADEA. 579 F.2d at 109–110.

All three circuits found Congress' belief to be that reimbursement and reinstatement alone were sufficient to alleviate any mental anguish which might result from age discrimination, *Rogers, supra*, 550 F.2d at 840, and to effectuate the goals of the ADEA, *Vazquez, supra*, 579 F.2d at 112. As the Fifth Circuit reasoned in *Dean, supra*, 559 F.2d at 1038:

> It is more logical to infer from the remedial enforcement scheme contemplated by the Act legislative intent to prevent such injuries through compliance therewith, and in the event of non-compliance, prompt reinstatement, promotion or other equitable relief coupled with lost wages, and liquidated damages, if appropriate, rather than to read into the superficial phrase "Legal Relief" wrenched from

---

**3.** Various district courts have reached the same conclusion. *Quinn v. Bowmar Publishing·Co.*, 445 F.Supp. 780, 784 (D.Md.1978); *Jaeger v. American Cyanamid Co.*, 442 F.Supp. 1270, 1273 (E.D.Wis.1978); *Postemski v. Pratt and Whitney Aircraft*, 443 F.Supp. 101, 103 (D.Conn.1977); *Cavanaugh v. Texas Instruments, Inc.*, 440 F.Supp. 1124, 1128 (S.D.Tex. 1977); *Sant v. Mack Trucks, Inc.*, 424 F.Supp. 621, 622 (N.D.Cal.1976).

**4.** *See Martinez v. Behring's Bearings Service, Inc.*, 501 F.2d 104 (5th Cir. 1974); *Powell v. Washington Post Co.*, 105 U.S.App.D.C. 374, 267 F.2d 651 (1959), cert. denied, 360 U.S. 930, 79 S.Ct. 1449, 3 L.Ed.2d 1544 (1959); *Bonner v. Elizabeth Arden, Inc.*, 177 F.2d · 703 (2 Cir. 1949).

context, an intent to authorize the recovery of general damages after such injuries have been inflicted. (footnote omitted)

The ADEA provides that resort must first be had to administrative remedies before a private suit may be filed. Any individual who wishes to sue under the ADEA must give the Secretary of Labor sixty (60) days notice of intent to sue. Upon receipt of such notice, the Secretary is directed to "seek to eliminate any alleged unlawful practice by informal methods of conciliation, conference and persuasion." 29 U.S.C. § 626(d). If such efforts fail, the Secretary may bring an action under the statute. Most significantly, the right to bring a private suit terminates upon commencement of an action by the Secretary. § 626(c). Thus, the entire thrust of the ADEA's enforcement provision is that private lawsuits are secondary to administrative remedies and suits brought by the Secretary of Labor. All three circuits considering the issue have found the allowance of damages for pain and suffering inconsistent with this enforcement scheme.

The *Rogers* court thought it unlikely that Congress would grant a right to pain and suffering damages without providing guidelines for their allowance. The court pointed out that allowance of damages for pain and suffering would introduce an element of uncertainty into the conciliation process. The Act, said the court, provides for determination of damages by an objective test— the amount of lost earnings, and "while the exact computation may be the subject of disagreement, that type of dispute is familiar to administrative proceedings and generally not difficult to resolve." Furthermore, the court argued, if pain and suffering damages are allowed in litigation, but not in the administrative aspects of the case, a claimant would be unlikely to accept conciliation providing compensation for out-of-pocket losses only.[5] The Fifth Circuit put it succinctly in *Dean, supra,* 559 F.2d at 1038–39:

The dominant purpose of the Act is easily discernable. It was enacted to prohibit discrimination in employment on the basis of age.

The silence of the Act with respect to general damages is entirely consistent with legislative intent to abstain from introducing a volatile ingredient into the tripartite negotiations involving Secretary, employee and employer which might well be calculated to frustrate rather than to "effectuate the purposes" of the Act. (footnotes omitted)

The Supreme Court's decision in *Lorillard v. Pons, supra,* lends added strength to the finding that pain and suffering damages should not be allowed in ADEA actions. The Court reasoned that the specific and selective incorporation of FLSA enforcement provisions into the ADEA evidenced a Congressional intent to adopt existing interpretations of the provisions, thereby affording a right to a jury trial in ADEA actions. As the First Circuit noted in *Vazquez, supra,* 579 F.2d at 110, courts have consistently refused to grant FLSA litigants compensatory damages, other than those specifically enumerated in the Act. Following the Supreme Court's reasoning in *Lorillard,* one must assume that Congress intended ADEA remedies to be similarly limited.

The denial of the motion to strike the demand for a jury trial is affirmed. The denial of the motion to strike the demand for pain and suffering damages is reversed and remanded for reconsideration in accordance with our holding in this opinion.

AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.

---

5. The First Circuit offered an interesting counter-argument in *Vazquez, supra,* 579 F.2d at 111: "If an employer realizes that the most it stands to lose in a private suit is lost wages, possibly doubled for a willful violation, [he] might be less likely to compromise the claim short of a lawsuit."