Morris T. WALKER, Appellee,

v.

PETTIT CONSTRUCTION COMPANY, INC., Appellant.

Roy R. FRITH, Appellee,

v.

EASTERN AIR LINES, INC., Appellant.

Nos. 78–1411, 78–1488.

United States Court of Appeals, Fourth Circuit.

Argued June 4, 1979.

Decided Sept. 5, 1979.

Rehearing of Plaintiff Denied and Rehearing of Defendant Granted Dec. 4, 1979.

William T. Covington, Jr., Charlotte, N. C. (Joseph B. C. Kluttz, Charlotte, N. C., Kennedy, Covington, Lobdell & Hickman, Charlotte, N. C., on brief), for appellant in 78–1488.

Thomas C. Bradley, Jr., Spartanburg, S. C., for appellant in 78–1411.

Daniel T. Stacey, Columbia, S. C. (C. Robert Faucette, Spartanburg, S. C., on brief), for appellee in 78–1411.

Eugene C. Hicks, III, Charlotte, N. C. (Hicks & Harris, Charlotte, N. C., on brief), for appellee in 78–1488.

Before WINTER, BUTZNER and WIDENER, Circuit Judges.

WINTER, Circuit Judge:

In each of these age discrimination suits, the defendant employer appeals from the ruling of the district court that damages for pain and suffering or mental anguish are recoverable in a suit brought under § 7 of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 626. In addition, Pettit Construction Company (Pettit), the defendant in No. 78–1411, appeals from the holding of the district court that punitive damages are recoverable under § 7. Eastern Air Lines, Inc. (Eastern), the defendant in No. 78–1488, asserts various errors committed by the district court in its admission of plaintiff's expert testimony and in its denial of Eastern's motions for a new trial and for judgment notwithstanding the verdict.

Because each appeal presented the issue of pain and suffering damages, we consolidated the appeals and deferred further proceedings to await our decision in *Slatin v. Stanford Research Institute*, 590 F.2d 1292 (4 Cir. 1979). In *Slatin*, we held that damages for pain and suffering are not recoverable in a § 7 action. To the extent that the district court's orders in the instant cases hold to the contrary, we reverse. In addition, in No. 78–1411, we hold, for reasons similar to those expressed in *Slatin*, that punitive damages are not recoverable in a § 7 action. In No. 78–1488, however, except for the district court's awarding of damages for pain and suffering, we find no reversible error.

I.

In No. 78–1411, Morris T. Walker filed a complaint alleging that Pettit had unlawfully terminated his employment in violation of the Act. The complaint sought recovery not only of lost wages and liquidated damages, as expressly authorized in § 7(b), but also of $25,000 for pain and suffering and $50,000 in punitive damages. The district court denied Pettit's motion to strike the prayers for pain and suffering damages and for punitive damages, but it certified the issues for an interlocutory appeal under 28 U.S.C. § 1292(b) which we granted.

In *Slatin*, we noted that § 7(b) expressly incorporates the enforcement procedures of the Fair Labor Standards Act of 1938, including the provisions for recovery of "unpaid minimum wages," "unpaid overtime

compensation," and "liquidated damages" as specified in § 16(b) of that Act, 29 U.S.C. § 216(b). Observing that damages for pain and suffering are not recoverable in an action under § 16 of the Fair Labor Standards Act, we concluded that Congress, by incorporating the remedies of § 16 into § 7 of the Age Discrimination in Employment Act, had expressed an intent to restrict damages recoverable under § 7 to lost wages and an equal amount in liquidated damages. Thus, following the holdings of three other circuits,* we held that damages for pain and suffering are not recoverable in an action under § 7.

For similar reasons, we hold that punitive damages are not recoverable under § 7. The conclusion that § 7 permits the recovery of only lost wages and liquidated damages precludes the recovery of punitive damages as well as damages for pain and suffering. The Fair Labor Standards Act, of course, makes no provision for the recovery of punitive damages. *King v. J. C. Penney Co.*, 58 F.R.D. 649 (N.D.Ga.1973). Furthermore, we think that Congress, in providing in § 7(b) for the recovery of an additional amount, equal to lost wages, as "liquidated damages" only in cases of "willful violations" evidenced an intent not to permit additional recovery, beyond liquidated damages, as punitive damages. Our holding that § 7 does not permit the recovery of punitive damages is in accord with the decision of the Fifth Circuit in *Dean v. American Security Insurance Co.*, 559 F.2d 1036, 1039–40 (5 Cir. 1977), *cert. denied*, 434 U.S. 1066, 98 S.Ct. 1243, 55 L.Ed.2d 767 (1978), upon which we relied in *Slatin*.

Because damages for pain and suffering and punitive damages are not recoverable under § 7, the district court erred in denying Pettit's motion to strike those elements of recovery from Walker's prayer for relief. The order of the district court is reversed.

## II.

Unlike No. 78–1411, the appeal in No. 78–1488 reaches us after a full jury trial and entry of judgment. At the age of forty-nine, Roy R. Frith, Eastern's Supervisor of Departure Services at Douglas Municipal Airport in Charlotte, North Carolina, was demoted to the position of Air Freight Agent. He brought suit against Eastern, claiming that his demotion was based on unlawful age discrimination. In response to special interrogatories, the jury found, first, that Frith had been demoted because of his age, in violation of the Act; second, that he earned $1,113.63 less in his present position than he would have earned without his demotion; third, that he had suffered mental anguish in the amount of $50,000; and fourth, that Eastern's violation of the Act was not willful. The district court entered judgment against Eastern for $51,113.63, in accordance with the jury's verdict, and ordered equitable relief in the form of reinstatement. In light of *Slatin*, the award of $50,000 for mental anguish must be set aside, and the award of damages therefore reduced to $1,113.63. In all other respects, we affirm.

■ Eastern contends that the district court erred in denying its motions for a directed verdict and for judgment notwithstanding the verdict. Such motions may be granted only if, viewing the evidence most favorable to the party opposing the motions, a reasonable trier of fact could draw only one conclusion. *See Continental Ore Co. v. Union Carbide & Carbon Corp.*, 370 U.S. 690, 696, 82 S.Ct. 1404, 8 L.Ed.2d 777 (1962); *Brady v. Southern Railway*, 320 U.S. 476, 64 S.Ct. 232, 88 L.Ed. 239 (1943).

■ Eastern's defense was that it demoted Frith as a disciplinary measure in response to complaints from three women under his supervision that he had harassed them with unwelcome sexual propositions. Although Eastern presented a good deal of evidence to support its contention that it demoted Frith for lawful reasons, we agree

---

\* *Vazquez v. Eastern Air Lines, Inc.*, 579 F.2d 107 (1 Cir. 1978); *Dean v. American Security Insurance Co.*, 559 F.2d 1036 (5 Cir. 1977), *cert. denied*, 434 U.S. 1066, 98 S.Ct. 1243, 55 L.Ed.2d 767 (1978); *Rogers v. Exxon Research & Engineering Co.*, 550 F.2d 834 (3 Cir. 1977), *cert. denied*, 434 U.S. 1022, 98 S.Ct. 749, 54 L.Ed.2d 770 (1978).

with the district court that Frith presented sufficient evidence to allow a rational jury to find to the contrary.

Shortly before the complaints of the female employees were filed, Eastern had decided to eliminate three supervisors at Douglas Airport, and it sought voluntary demotions from four supervisors, including Frith, all over the age of forty, even though some supervisors at Douglas were under forty. Frith refused to accept a voluntary demotion. Eastern responded to the complaints of the female employees in a highly expeditious manner, even before the employees had confirmed their oral complaints in writing, and the decision to demote Frith was made without formal investigation of the veracity of the employees' complaints.

Although Frith's supervisor's position was filled by Williamson, who was over forty, Williamson was already a supervisor in another department, and the vacancy caused by Williamson's lateral transfer was filled by promoting Murdock, who was twenty-seven. An expert statistician called by Frith testified that in a recent period, Eastern had demoted proportionately more supervisors over forty than under forty, and he concluded, over objection by Eastern, that the odds that Frith's demotion were related to his age were 97 to 3.

Finally, another witness for Frith testified that Brown, an Eastern manager, had stated that he was on a management review board for Eastern and that the board did not consider anyone over thirty-five years of age for top management positions. Viewing this evidence, along with evidence offered by Eastern, in a light most favorable to Frith, we believe that a reasonable jury could have found that Eastern had embarked on a program to eliminate older supervisors, and that it seized on the employees' complaints as a pretext to demote Frith, or, at the least, that Eastern imposed upon Frith a harsher penalty than it would have given a younger man.

■ Eastern also asserts a number of errors which, it contends, would require a new trial if judgment is not entered in its favor. First, Eastern argues that the jury

verdict is internally inconsistent, in that the jury found that Eastern had unlawfully demoted Frith on account of his age, but that Eastern's violation of the Act was not "willful." Eastern contends that this inconsistency requires that the jury verdict be set aside in full. We find no such inconsistency. The Act provides in § 7(b) that "liquidated damages shall be payable only in cases of willful violations." The Act thus plainly contemplates the possibility of a non-willful violation, as the jury found in the instant case. We believe that the jury could rationally have found a non-willful violation from the evidence presented to it.

■ Second, Eastern correctly notes that since damages for pain and suffering are not recoverable under the Act, Frith's evidence of mental anguish was immaterial and should not have been admitted. Eastern contends that this inadmissible evidence tainted the entire trial, and that a new trial on all issues is therefore necessary. We disagree. The error of the district court can be fully cured by setting aside the award of $50,000 as damages for mental anguish. The evidence on mental anguish, although not properly admissible, was not so prejudicial or inflammatory as to cast doubt on the reliability of the jury's other findings. To accept Eastern's reasoning and to grant a new trial on all issues on the basis of an error relating to only one issue would undermine one of the principal purposes of the special verdict—to allow appellate courts to particularize the effect of an error at trial and thereby to limit the scope of any proceedings on remand. *See generally* Brown, *Federal Special Verdicts: The Doubt Eliminator*, 44 F.R.D. 338, 346–48 (1967).

■ Finally, we find no error in the admission of the testimony of Frith's expert witness. Eastern contends that the expert's stated conclusion—that the odds that age had something to do with Frith's demotion were 97 to 3—was unsupported by the statistical data upon which he purported to rely. Eastern, however, had full opportunity to impeach the expert, both by cross-ex-

amination and, if it so desired, by calling an expert witness of its own. The district court properly instructed the jury that statistical proof may be of some probative value but is not of conclusive effect.

No. 78–1411: *REVERSED.*

No. 78–1488: *AFFIRMED IN PART AND REVERSED IN PART.*