**TOOLS USA AND EQUIPMENT COMPANY, Plaintiff,**

v.

**CHAMP FRAME STRAIGHTENING EQUIPMENT, INC., Defendant.**

No. 2:93CV00137.

United States District Court,
M.D. North Carolina,
Greensboro Division.

Dec. 27, 1994.

William C. Ingram, Jack W. Floyd, Robert Vickers Shaver, Jr., Floyd, Allen and Jacobs, Greensboro, NC, for plaintiff.

Thomas M. Clare, Richard Lee Pennington, Teague, Campbell, Dennis & Gorham, Raleigh, NC, for defendant.

*MEMORANDUM OPINION*

OSTEEN, District Judge.

This matter involves the trade dress infringement of Plaintiff Tools USA and Equipment Company's ("Tools USA") newsprint mail order catalog. Defendant is Champ Frame Straightening Equipment, Inc. ("Champ"). Trial by jury began on November 7, 1994, and a verdict of $38,387.19 was returned for Plaintiff on November 10, 1994. By stipulation of the parties, the claim for unfair trade practices, N.C.Gen.Stat. § 75–1.1 (1994), was not submitted to the jury. The parties agreed that if any award for infringement were made by the jury, it would be trebled by the court, and if no award were found by the jury, then the Chapter 75 claim would be dismissed. *See* N.C.Gen.Stat. § 75–16 (1994) (discussing treble damages). Post verdict relief is now before the court for its consideration. For the reasons stated herein, the court will deny Defendant's motion for judgment as a matter of law pursuant to Fed.R.Civ.P. 50. The court will also deny Plaintiff an award of damages in the form of disgorgement of profits and will deny Plaintiff an award of attorneys' fees.

## I. BACKGROUND

Plaintiff Tools USA is a corporation with its principal place of business in Greensboro, North Carolina. Tools USA sells automobile garage equipment through a mail order catalog entitled "TOOLS USA and Equipment" to consumers across the United States. Defendant Champ is a California corporation with its principal place of business in Sun Valley, California. Champ also sells automobile garage equipment through a mail order publication entitled AUTOBODY TOOLMART.

The TOOLS USA catalog, first published in 1988, uses a star and wavy stripes in connection with its title. The volume number and year of publication are printed in blue ink in the upper right-hand corner of the front page. The catalog is printed on newsprint, and each page is divided into boxes. In each box, a specific tool is featured with a photograph, brief description, and price quotation for the tool. At the bottom

of every page, there is a toll free number and a fax number to use in placing an order. These two numbers and order instructions are also located at the bottom of the first page.

Defendant's catalog, first published in 1991, uses a star with stripes in connection with the AUTOBODY TOOLMART logo. On the front page, "AutoBody" is written in colored manuscript, while "Toolmart" is in large black capital letters. The volume number appears in the upper right-hand corner, with the year of publication in the upper left-hand corner. The publication is printed on newsprint, and each page is divided into boxes. Each box features a photograph and brief description of a tool, along with a price quotation. There is a toll free number and a fax number at the bottom of each page and at the bottom of the front page.

At trial, the president of the defendant corporation testified that he liked Plaintiff's publication and wanted to make the competing design similar to Plaintiff's. There was evidence that because of the similarity in the catalogs, purchasers were confused as to which supplier they were using.

On March 9, 1993, Plaintiff Tools USA filed this action alleging trade dress infringement, unfair competition, and unfair or deceptive trade practices by Defendant Champ. Defendant filed an Answer and Motion for Change of Venue on April 20, 1993. By Order of Magistrate Judge P. Trevor Sharp, filed April 30, 1993, Defendant was granted an extension of time to file supporting documents and its brief in support of its Motion for Change of Venue. An Amended Answer and Motion to Dismiss or for Change of Venue were then filed by Defendant, and this court denied Defendant's Motion to Dismiss or for Change of Venue. This court found that Defendant is "doing business" within this district in a systematic manner. Thus, Defendant corporation "resides" within this district, and venue is proper pursuant to 28 U.S.C. §§ 1391(b)–1391(c) (1993).

After trial, the jury found that Plaintiff's trade dress was not functional and that Plaintiff's sales catalog trade dress had ac-

quired secondary meaning. The jury also found that Defendant had not intentionally copied Plaintiff's trade dress. Having found consumer confusion, the jury awarded Plaintiff $38,387.19. Plaintiff is now requesting disgorgement of Defendant's profits and an award of attorneys' fees.

## II. DISCUSSION

A motion for judgment as a matter of law will be granted:

[I]f "there is no legally sufficient evidentiary basis for a reasonable jury to have found for [the prevailing] party." Fed. R.Civ.P. 50(a)(1). In making this determination the judge is not to weigh the evidence or appraise the credibility of witnesses, but must view the evidence in the light most favorable to the non-moving party and draw legitimate inferences in its favor.

*Anheuser–Busch, Inc. v. L & L Wings, Inc.,* 962 F.2d 316, 318 (4th Cir.) (alteration in original) (discussing the standard for j.n.o.v.),[1] *cert. denied,* —— U.S. ——, 113 S.Ct. 206, 121 L.Ed.2d 147 (1992). The court will grant the motion for judgment as a matter of law if "viewing the evidence most favorable to the party opposing the motion, a reasonable trier of fact could draw only one conclusion." *Walker v. Pettit Constr. Co.,* 605 F.2d 128, 130 (4th Cir.1979).

### A. Trade Dress Infringement

Plaintiff's first and second claims are for trade dress infringement and unfair competition pursuant to 15 U.S.C. § 1125(a) (1982 & Supp.1994). Trade dress is "the total image of a product and may include features such as size, shape, color or color combinations, texture, graphics, or even particular sales techniques." *John H. Harland Co. v. Clarke Checks, Inc.,* 711 F.2d 966, 980 (11th Cir.1983). Trade dress has also been defined as "that arrangement of identifying characteristics or decorations connected with a product, whether by packaging or otherwise, intended to make the source of the product distinguishable from another and to

---

**1.** The terminology has changed from "j.n.o.v." and "directed verdict" to "judgment as a matter of law," effective December 1, 1991. Fed. R.Civ.P. 50.

promote its sale." *Esercizio v. Roberts,* 944 F.2d 1235, 1238 (6th Cir.1991) (quoting *Mr. Gasket Co. v. Travis,* 35 Ohio App.2d 65, 299 N.E.2d 906, 912 n. 13 (1973)), *cert. denied,* — U.S. ——, 112 S.Ct. 3028, 120 L.Ed.2d 899 (1992).

In an action for trade dress infringement, the plaintiff must prove: "1) its trade dress is inherently distinctive or has acquired secondary meaning,[2] 2) its trade dress is primarily non-functional, and 3) the defendant's trade dress is confusingly similar." *AmBrit, Inc. v. Kraft, Inc.,* 812 F.2d 1531, 1535 (11th Cir.1986), *cert. denied,* 481 U.S. 1041, 107 S.Ct. 1983, 95 L.Ed.2d 822 (1987); *Esercizio,* 944 F.2d at 1239.

In the case at bar, there was a jury question regarding the claim of trade dress infringement, and the court cannot conclude that a reasonable trier of fact could draw only one conclusion. Accordingly, the court will deny the motion for judgment as a matter of law. The evidence submitted that supports the jury's verdict includes: 1) testimony and other evidence regarding consumers' association of the trade dress of TOOLS USA with Plaintiff, 2) the non-functional elements of Plaintiff's trade dress,[3] 3) the similarities between the trade dress of the two catalogs, and 4) testimony and other evidence regarding consumer confusion. Although a close question, coupling these four factors with all the evidence presented at trial, the court cannot overrule the jury's verdict.

### B. Disgorgement of Defendant's Profits

An award of disgorgement of Defendant's profits is *"subject to the principles of equity."* 15 U.S.C. § 1117(a) (1982 & Supp. 1994) (emphasis added). In assessing damages, if the court finds that "the amount of the recovery based on profits is either inadequate or excessive the court may *in its discretion* enter judgment for such sum as the court shall find to be just." *Id.* (emphasis added).

In considering the principles of equity and exercising its discretion, the court will deny an award of disgorgement of Defendant's profits for several reasons. First, the jury found by a preponderance of the evidence that Defendant, in designing its sales catalog trade dress, did not intentionally copy Plaintiff's trade dress. Second, before Defendant entered the market, Plaintiff was the only publisher of a mail order catalog for the sale of tools to auto body shops. Defendant's success may be attributable to its being the second entrant into the market and not its trade dress infringement. Third, the existence of trade dress infringement is a very close question, tending to absolve the Defendant of any intentional wrongdoing.

### C. Attorneys' Fees

The Lanham Act allows the court to award attorneys' fees to the prevailing party in *exceptional cases.* 15 U.S.C. § 1117(a). An exceptional case is one where the infringement is deliberate, willful, fraudulent, or malicious. *NuPulse, Inc. v. Schlueter Co.,* 853 F.2d 545, 547 (7th Cir. 1988); *see also Scotch Whisky Ass'n v. Majestic Distilling Co.,* 958 F.2d 594, 599 (4th Cir.) (prevailing plaintiff must show that defendant acted in bad faith to recover attorneys' fees), *cert. denied,* — U.S. ——, 113 S.Ct. 181, 121 L.Ed.2d 126 (1992). The court finds that this matter is not an exceptional case for the same reasons that the court denied the disgorgement of profits.

---

2. "[A] product has secondary meaning if purchasers in that product's market associate the trade dress of the product with a particular source." *Qualitex Co. v. Jacobson Prods. Co.,* 13 F.3d 1297, 1304 (9th Cir.), *cert. granted on other grounds,* — U.S. ——, 115 S.Ct. 40, 129 L.Ed.2d 935 (1994). The factors to be considered in determining whether TOOLS USA has acquired secondary meaning include: whether actual purchasers associate the catalog's trade dress with Plaintiff, the degree and manner of Plaintiff's use of the trade dress, and whether Plaintiff's use of the trade dress has been exclusive. *Id.; Clamp*

*Mfg. Co. v. Enco Mfg. Co.,* 870 F.2d 512, 517 (9th Cir.), *cert. denied,* 493 U.S. 872, 110 S.Ct. 202, 107 L.Ed.2d 155 (1989).

3. The court cannot conclude that all elements of Plaintiff's trade dress are non-functional. However, individual elements may be functional, but when grouped together the aggregate may be protected trade dress, as is the case here. *Hartford House, Ltd. v. Hallmark Cards, Inc.,* 846 F.2d 1268, 1272 (10th Cir.), *cert. denied,* 488 U.S. 908, 109 S.Ct. 260, 102 L.Ed.2d 248 (1988).

Plaintiff is likewise not entitled to attorneys' fees under N.C.Gen.Stat. § 75–16.1 (1994), which states that:

[T]he presiding judge may, in his discretion, allow a reasonable attorney fee ... upon a finding by the presiding judge that:

(1) The party charged with the violation has willfully engaged in the act or practice, and there was an unwarranted refusal by such party to fully resolve the matter which constitutes the basis of such suit.

*Id.* § 75–16.1(1). The court, in its discretion, will not allow attorneys' fees under this statute as the jury found that Defendant did not intentionally copy Plaintiff's trade dress. Further reasons for the denial of attorneys' fees are discussed above, in the court's denial of disgorgement of profits.

### III. CONCLUSION

For the reasons discussed herein, the court will deny Defendant's motion for judgment as a matter of law. The court will also deny Plaintiff an award of damages in the form of disgorgement of profits and will deny Plaintiff an award of attorneys' fees.