**Larry E. ESTES, Appellant,**

v.

**Aaron J. MOORE, Michael Martin, Marvin Bauer, John Hibberd, George Amen, City of Lincoln, State of Nebraska, Appellees.**

No. 92–2200.

United States Court of Appeals, Eighth Circuit.

Submitted April 14, 1993.

Decided May 11, 1993.

Rehearing Denied Aug. 5, 1993.

Vincent Powers, Lincoln, NE, argued, for appellant.

Mark Christensen, Lincoln, NE, argued, for appellees.

Before JOHN R. GIBSON, LOKEN, and HANSEN, Circuit Judges.

PER CURIAM.

As a result of an incident in a grocery store, Larry E. Estes was arrested. Estes filed this action pursuant to 42 U.S.C. § 1983 alleging that he was arrested without probable cause and that excessive force was used in arresting him. Defendant police officer Aaron Moore counterclaimed. A trial was held on the issues, and the jury returned a verdict against Estes on his § 1983 claims and returned a verdict in favor of Moore on the counterclaim awarding $1.00 in damages. The district court[1] denied Estes's motion for new trial. Estes appeals.

I.

After observing Estes fall to the floor in a grocery store, a store employee called 911. Estes asserts that he had suffered an epileptic seizure. Firefighters Captain George Amen, Marvin Bauer, and John Hibberd

[1]. The Honorable Warren K. Urbom, Senior United States District Judge for the District of Nebraska.

were the first to respond to the call and attempted to assist Estes. As Estes came to, he pulled off the heart monitor and pushed away the oxygen equipment. The ambulance service then arrived and proceeded to render aid to Estes. Estes sat up and became verbally abusive. Estes walked away but then returned to retrieve his wallet. A firefighter approached Estes and asked him to sign a form indicating that he was refusing assistance. Using profanity, Estes refused. When Jackie Schleich, a paramedic from the ambulance service, approached Estes to repeat the request, Estes angrily moved towards her. Police officer Moore stepped between the two, and Estes began to walk away. Moore twice tried to stop Estes by grabbing his arm so that he could speak with him. Estes swung at Moore and then threw him into a produce display. After further struggle, Moore handcuffed Estes. Because Estes was kicking, Moore and another officer, Michael Marvin, placed leg restraints on him. Estes was arrested and taken to jail. Estes asserts that he suffered a carpal tunnel injury to his wrist as a result of the handcuffs.

Estes argues that the district court erred in denying his motion for new trial. Estes also asserts that the district court abused its discretion in limiting the testimony of Estes's expert witness and excluding evidence of Moore's alleged negligence. We affirm.

## II.

Estes argues that a new trial should have been granted because the evidence did not support findings that probable cause for the arrest existed, that Moore did not use excessive force in effectuating the arrest, and that Estes used unlawful force against Moore. The decision whether to grant or deny a motion for a new trial rests in the sound discretion of the trial court. *Morgan v. City of Marmaduke, Ark.*, 958 F.2d 207, 210 (8th Cir.1992).

First, we disagree with Estes's argument that probable cause did not exist. When Moore stopped him by grabbing his arm, the stop was merely investigatory and not an arrest which requires probable cause. *See Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868,

20 L.Ed.2d 889 (1968). At the point of Estes's arrest for assault, for assault on a police officer, and for disturbing the peace, Moore certainly had probable cause because not only was he present as the events unfolded but he was the victim of the assault. Second, we find Estes's arguments regarding the excessive force claim to be without merit. After being thrown into the produce display by Estes, Moore was justified in using the amount of force used here. The handcuffs and leg restraints were appropriate especially in light of the resistance to arrest put up by Estes. Finally, we disagree with Estes's assertion that the district court erred in denying his motion for a new trial with respect to the counterclaim. Estes's assertion is unsupported by any argument in his brief. Moore was awarded $1.00 in damages for his civil counterclaim of assault and personal injuries. Moore presented evidence that he suffered bruises, abrasions and soreness to his lower back because of the altercation. Because it is abundantly clear that the trial judge did not abuse his discretion, we affirm the district court's denial of the motion for new trial.

## III.

The district court sustained an objection to allowing Estes's expert to testify as to whether probable cause for the arrest existed. Estes argues that the district court could not exclude the expert testimony just because it went to the ultimate issue in the case. *See* Fed.R.Evid. 704(a). Expert opinion testimony is only admissible if it "assists the trier of fact to understand the evidence or determine a fact in issue." *See* Fed. R.Evid. 702. While the existence of probable cause is a mixed question of law and fact, the ultimate conclusion is a question of law. *United States v. Campbell*, 843 F.2d 1089, 1092 (8th Cir.1988). The proposed testimony was, therefore, not opinion testimony but rather it was a statement of a legal conclusion. *See Kostelecky v. NL Acme Tool/NL Indus. Inc.*, 837 F.2d 828, 830–31 (8th Cir. 1988). Estes also argues that the district court erred in excluding evidence of any negligence on the part of Moore. The district court was correct in excluding such evidence

as Estes's claims were brought pursuant to § 1983. This was not a tort action. The district court did not abuse its discretion in making these evidentiary rulings.

### IV.

For the reasons stated above, we affirm the judgment of the district court.