# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

Nos. 00-1828/00-2290

_____

Charles Broadus,                                    *
                                                    *
          Appellee,                       *
                                                    *
                                                    *    Appeal from the United States
    v.                                          *    District Court for the
                                                    *    Western District of Arkansas.
                                                    *
O.K. Industries, Inc.; OK Foods,                    *
Inc.,                                               *        [PUBLISHED]
                                                    *
          Appellants.                     *


_____

Submitted: January 10, 2001
Filed: January 23, 2001

_____

Before WOLLMAN, Chief Judge, FAGG and HANSEN, Circuit Judges.

_____

PER CURIAM.

O.K. Industries, Inc., and OK Foods, Inc., (appellants) appeal the district court's[1] judgment entered in favor of Charles Broadus following a jury trial. We affirm.

_____

[1]The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas.

Charles Broadus began working for appellants on August 12, 1996, in the shipping and receiving department. His wife, Carol Broadus, had been employed by appellants for approximately nine years. On September 13, 1996, she terminated her employment. In June 1997, she filed a complaint against appellants alleging discrimination on the basis of gender in violation of the Equal Pay Act and the Arkansas Civil Rights Act. She won a jury verdict and was awarded damages. In his complaint, Charles Broadus alleged he was terminated by appellants in retaliation for supporting his wife's lawsuit and for voicing his opposition to appellants' alleged treatment of female employees. Charles Broadus won a jury verdict and was awarded damages and attorney's fees. In addition, the district court awarded "front pay" in lieu of reinstatement.

On appeal, appellants first argue that the district court erred in allowing the case to go to the jury because there was not substantial evidence that the person who terminated Charles Broadus knew of his support of his wife's lawsuit or that appellants' stated reason for the termination was pretextual. Because appellants did not renew their motion for judgment as a matter of law after the jury rendered its verdict, "this court [will not] test the sufficiency of the evidence to support the jury's verdict beyond application of the plain error doctrine in order to prevent a manifest miscarriage of justice." Cross v. Cleaver II, 142 F.3d 1059, 1070 (8th Cir. 1998) (internal quotations omitted). Evidence that the supervisor who terminated Charles Broadus had specific knowledge of the protected activity is not an element of his prima facie case. Circumstantial evidence may be used to establish a causal connection between the protected activity and the subsequent adverse employment action. See Schweiss v. Chrysler Motors Corp., 987 F.2d 548, 549 (8th Cir. 1993). With regard to pretext, there was sufficient evidence from which a jury could have determined that appellants' stated reason for the termination was pretextual. There is no plain error and no manifest miscarriage of justice here.

Next, appellants assert that the district court erred in not accepting their proposed instruction that Charles Broadus was required to prove that the specific individual who actually terminated him knew about his alleged acts of opposition. Rather, the jury was instructed that the "defendant," not the specific individual in the personnel department who terminated him, knew of his opposition. Appellants are only entitled to have the jury instructed on their theory of the case if it is legally correct. See Bd. of Water Works Trustees v. Alvord, Burdick, & Howson, 706 F.2d 820, 823 (8th Cir. 1983). Appellants have not shown that their theory of the case was legally correct because they have failed to cite to any relevant circuit case law supporting their theory.

Finally, appellants challenge the damages award. Appellants characterize the jury's damages award as including "front pay," which they contend is included in the $10,000 award of compensatory damages the jury made. The record clearly shows that the jury awarded $22,410.89 for lost wages and employment benefits to the date of the verdict and $10,000 for other compensatory damages. The damage award was based on instruction 11 which directed the jury to determine the amount of any wages and benefits Charles Broadus would have earned in his employment with appellants had he not been discharged on April 6, 1998, through the date of the verdict, minus any earnings and benefits he received from other employment during that time. The instruction also directed that the jury consider any other damages sustained by him, such as emotional distress and mental anguish. Our review of the record and of the district judge's expressed reasons for awarding $7,144.72 in front pay in lieu of reinstatement satisfies us that there is no award of "front pay" in the jury's verdict, and that a separate award of front pay by the court in lieu of reinstatement was justified.

For the above reasons, we affirm the judgment of the district court.

A true copy.

Attest:

       CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT