# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 03-3222

_____

Mary Rollins, Individually and as     *
Administratrix of the Estate of     *
Norman Rollins,     *
    *    Appeal from the United States
          Appellant,     *    District Court for the
    *    Eastern District of Arkansas.
      v.     *
    *    [UNPUBLISHED]
Greg Smith, Individually and in his     *
official capacity; City of Little Rock,     *
Arkansas,     *
    *
          Appellees.

_____

Submitted: July 7, 2004
Filed: July 22, 2004

_____

Before BYE, McMILLIAN, and RILEY, Circuit Judges.

_____

PER CURIAM.

Mary Rollins (Mary), individually and as administratrix of Norman Rollins's (Norman's) estate, brought this 42 U.S.C. § 1983 action against Greg Smith, a Little Rock Police Department (LRPD) officer, claiming Fourth Amendment violations and battery. Mary's claims arose from the shooting death of her son Norman during an altercation that occurred when Officer Smith--who was called twice at Mary's

direction--attempted to convince Norman to leave Mary's beauty salon.[1] Mary now appeals the district court's[2] adverse entry of final judgment upon the jury's verdict. For reversal, she challenges certain pretrial evidentiary rulings, the district court's withholding of one claim from the jury, and the jury's verdict on the Fourth Amendment claim.

To the extent we can determine the propriety of the district court's pretrial evidentiary rulings without a transcript of the related telephone conference, see Schmid v. United Bhd. of Carpenters & Joiners of Am., 827 F.2d 384, 386 (8th Cir. 1987) (per curiam) (appellant must bring before reviewing court all parts of proceedings below necessary to determine validity of claimed error), cert. denied, 484 U.S. 1071 (1988), we find no abuse of discretion in the exclusion of evidence of preseizure conduct, including an LRPD general order on handling mentally ill persons, and a Deadly Force Review Board report completed after the incident, see Lampkins v. Thompson, 337 F.3d 1009, 1012 (8th Cir. 2003) (standard of review). In this circuit, preseizure conduct is not relevant in determining whether there was a Fourth Amendment violation. See Duffy v. Wolle, 123 F.3d 1026, 1039 (8th Cir. 1997) (defining relevant evidence; review of district court's determination as to relevancy is extremely deferential), cert. denied, 523 U.S. 1137 (1998); Schulz v. Long, 44 F.3d 643, 648-49 (8th Cir. 1995) (this court scrutinizes only seizure itself, and not events leading to seizure; no error in excluding evidence that officers should have responded in different manner).

---

[1]Summary judgment was granted as to the other defendant (the City of Little Rock) and most of the state-law claims, and the remaining state-law claims (other than the shooting-related battery) were not submitted to the jury. Except for an assault-and-battery claim related to Officer Smith's use of a baton before the shooting, these rulings are not at issue on appeal.

[2]The Honorable Garnett Thomas Eisele, United States District Judge for the Eastern District of Arkansas.

We also reject Mary's contention that the district court should have admitted the testimony of her expert, Dr. Terry Cox. Dr. Cox's testimony primarily focused on what Officer Smith should have done before confronting Norman a second time, and his proposed testimony as to Smith's use of force conflicted with Eighth Circuit precedent. See Estes v. Moore, 993 F.2d 161, 163-64 (8th Cir. 1993) (per curiam) (expert testimony is only admissible if it assists trier of fact to understand evidence or determine fact in issue; statement of legal conclusion by purported expert was properly excluded). Further, he admittedly did not teach classes on the use of force, nor had he taken any recent courses on the subject, cf. Jenkins v. Ark. Power & Light Co., 140 F.3d 1161, 1162, 1165-66 (8th Cir. 1998) (expert properly excluded in diving-accident case partly because he was not expert in placement of buoys, had never investigated diving accident, and was not accident reconstructionist); and we decline to consider Mary's newly raised argument about using Dr. Cox as a lay witness, see Brozo v. Oracle Corp., 324 F.3d 661, 668 (8th Cir.), cert. denied, 124 S. Ct. 578 (2003).

As to the sufficiency of evidence supporting the jury verdict on the Fourth Amendment claim, Mary did not renew her motion for judgment as a matter of law (JAML) after the jury rendered its verdict, and thus the verdict is subject to only plain-error review. See Broadus v. O.K. Indus., Inc., 238 F.3d 990, 991 (8th Cir. 2001) (per curiam). The evidence Mary cites does not help her. Specifically, John Lovelace's testimony, as well as the report of Dr. Nordy (Mary's expert), supported Officer Smith's version of the shooting, and the jury heard evidence that Mary's and Olivia Noland's trial testimony as to what happened at the time of the shooting differed from their previous deposition testimony and recorded statements. See Herndon v. Armontrout, 986 F.2d 1237, 1240 (8th Cir. 1993) (it is jury's province and duty to resolve conflicts in testimony). We find no plain error. See Seiner v. Drenon, 304 F.3d 810, 812 (8th Cir. 2002) (shooting is objectively reasonable when officer has probable cause to believe suspect poses significant risk of death or serious physical harm to officer or others; mistaken understanding of facts that is reasonable

under circumstances can render seizure based on that understanding reasonable under Fourth Amendment).

Finally, Mary contends the district court should not have granted JAML on the assault-and-battery claim associated with a baton strike Officer Smith inflicted before the shooting. This argument also fails. See Schulz, 44 F.3d at 647 (de novo standard of review; JAML is appropriate only where nonmoving part has presented insufficient evidence to support jury verdict in her favor; court must view evidence in light most favorable to nonmoving party and not assess credibility). The witnesses agreed that Mary did not want Norman in the shop, that Norman refused to go with Smith and assumed an aggressive stance, and that he made threatening comments; and Smith testified that Norman was retreating further into the shop, where customers, including children, were present, and Norman had just struck him twice. Thus, Smith's striking Norman with a baton to immobilize him temporarily was not assault and battery. Cf. Orr v. Walker, 310 S.W.2d 808, 809, 811 (Ark. 1958) (assault-and-battery jury instruction in context of police officer's conduct during misdemeanor arrest: considering whether force was necessary to prevent escape or make arrest).

Accordingly, we affirm.

_____