### Tamera BOGACKI, Plaintiff,

v.

### BUCCANEERS LTD. PARTNERSHIP, Defendant.

### No. 8:03 CV 1211 T 17MSS.

United States District Court,
M.D. Florida,
Tampa Division.

Jan. 10, 2005.

Ronald W. Fraley, Fraley & Fraley Law Firm, P.A., Tampa, FL, for Plaintiff.

Thomas M. Gonzalez, Thompson, Sizemore & Gonzalez, P.A., Tampa, FL, for Defendant.

### ORDER

SCRIVEN, United States Magistrate Judge.

This cause comes on for consideration upon the filing of Defendant's Motion For Summary Judgment on Claim For Emotional Distress Damages (Dkt. 21) and Plaintiff's Response (Dkt. 22).

## I. Introduction

Plaintiff brought a cause of action against Defendant alleging violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201–219, and the Florida Whistleblower Act (FWA), Fla. Stat. §§ 448.01–448.105. Plaintiff alleges that Defendant failed to pay her overtime wages and fired her in retaliation after Plaintiff complained that she was not being paid proper overtime wages. Plaintiff seeks to recover economic damages consisting of lost wages, costs and attorney's fees, liquidated damages and damages for mental anguish and emotional distress caused by her termination.

Defendant counters in a Motion For Summary Judgment (Dkt.21) that Plaintiff cannot recover damages for mental anguish because: (1) Plaintiff failed to assert a demand for damages for mental anguish in her complaint and (2) the FLSA does not permit the recovery of damages for

mental anguish in a cause of action for retaliation. Defendant concedes that the Eleventh Circuit has never addressed whether damages for mental anguish are available in a retaliation claim brought under the FLSA. Defendant contends, however, that the Eleventh Circuit's decision in *Munoz v. Oceanside Resorts, Inc.*, 223 F.3d 1340, 1348 (11th Cir.2000), in which the Court determined that emotional distress damages are not available under the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. §§ 621–634, portends the same holding in relation to the FLSA because of the similarity in language used in both statutes. Plaintiff counters that neither the similarity of language nor the ADEA's underlying policy consideration compel such restrictions in retaliation suits brought under the FLSA. Rather, the Court should follow the lead of the Sixth and Seventh Circuits which have found that damages for emotional distress and mental anguish are recoverable in retaliation claims brought under the FLSA. *Travis v. Gary Community Mental Health Center, Inc.*, 921 F.2d 108, 112 (7th Cir. 1990); *Moore v. Freeman*, 355 F.3d 558, 564 (6th Cir.2004). Plaintiff further argues that the reasoning of the Eleventh Circuit in *Snapp v. Unlimited Concepts, Inc.*, 208 F.3d 928, 934 (11th Cir.2000), that the relevant FLSA remedies provision was introduced to provide full compensation to victims aggrieved under the statute, suggests that the Eleventh Circuit would also find that damages for mental anguish are recoverable under the FLSA.

## II. The Underlying Law

29 U.S.C. § 215(a)(3) provides that an employer may not discharge or in any other manner discriminate against an employee because that employee has filed a complaint against the employer regarding violations under the FLSA, which contains minimum wage and overtime requirements. 29 U.S.C. §§ 206–207, 215. Civil damages for violations brought under the FLSA are provided by 29 U.S.C. § 216(b). This section was amended in 1977 to provide for a private cause of action under the anti-retaliation provision, section 215(a)(3), of the FLSA. *Bailey v. Gulf Coast Transportation*, 280 F.3d 1333,1336 (11th Cir. 2002). More specifically, damages for retaliation cases are provided for in the second sentence of section 216(b), which reads:

> Any employer who violates the provisions of section 215(a)(3) of this title shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) of this title, including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages.

The Supreme Court has recognized that the principal purpose of section 215(a)(3) is to remove fear so that employees feel free to report the wage and overtime violations of their employer to ensure that compliance with the Act is enhanced. *Mitchell v. Robert DeMario Jewelry, Inc.*, 361 U.S. 288, 292, 80 S.Ct. 332, 4 L.Ed.2d 323 (1960); *Bailey*, 280 F.3d at 1336–37.

The Eleventh Circuit has recognized that the evident purpose of the civil damages provision of the FLSA is to provide full compensation to the plaintiff aggrieved by violations of the anti-retaliation provisions of the Act. *Snapp*, 208 F.3d at 934. In *Snapp*, the Court specifically addressed the availability of punitive damages, not damages for mental anguish, under the FLSA but, in doing so, also discussed the compensatory purpose of the FLSA civil damages provision, section 216(b). *Id.* Considering the plain language of the statute and applying the statutory construction principle of *ejusdem generis*, the Court rejected the contention that punitive

damages are available under the statute for retaliation claims. *Id.* Thus, the Court stated, "[a]s noted above, the statute provides that 'any employer who violates the provisions of section 215(a)(3) of this title shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) of this title, including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages.'" *Id.* at 933–34. The Court recognized that the enumerated forms of relief were not intended to be fully inclusive but found that all of the listed categories have as their common denominator the goal of permitting full compensation to the successful plaintiff. *Id.* at 934. That is to say, the goal of the damages provision is to attempt, as close as possible, "to put the plaintiff in the place she would have been absent the employer's misconduct." *Id.* The Court reasoned, in contrast, that punitive damages, being definitionally punitive in nature, "would be out of place *in a statutory provision aimed at making the plaintiff whole*." *Id.* (emphasis added).

The Court further recognized that in retaliation cases " 'employment, reinstatement, promotion, and the payment of wages lost' may not fully compensate the plaintiff." *Id.* (citations omitted). "Congress provided for, in addition, 'such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3)' because the kinds of relief that a district court may need to award to compensate the plaintiff fully will vary with the facts of each case." *Id.* at 937. Offering front pay as one non-enumerated measure of relief, the Court directed that district courts may have to "exercise some creativity" in fashioning damages remedies in a retaliation case within the confines of "section 216(b)'s compensatory purpose." *Id.* Certainly, an argument could be made that the availability of liquidated damages would be sufficient to fully compensate a plaintiff with proof of actual economic damages but only minor, subjective mental anguish occasioned by an employer's violation of the Act. However, in a case involving only nominal economic losses but proved retaliation consisting of concerted, directed harassment, resulting in grave emotional distress, such nominal economic damages or the available doubling of those damages would be insufficient to make the plaintiff whole. Damages for mental anguish would be the necessary compensatory legal relief "appropriate to effectuate the purposes of section 215(a)(3)." 29 U.S.C. § 216(b); *see, e.g.,* Eleventh Circuit Pattern Jury Instructions (Civil Cases) § 1.3.1 (1999)(explaining that compensatory damages include emotional pain and mental anguish).

Finally, the Court in *Snapp* reflected upon the Supreme Court's admonition that "the FLSA is 'remedial and humanitarian in purpose,' and that it 'must not be interpreted...in a narrow, grudging manner.'" *Id.* at 939 (citing *Tennessee Coal, Iron & R. Co. v. Muscoda Local No. 123,* 321 U.S. 590, 597, 64 S.Ct. 698, 88 L.Ed. 949 (1944)).

Citing with agreement the Eleventh Circuit's reasoning in *Snapp,* the Sixth Circuit in *Moore* recently expressly held that, consistent with the broad authority congress granted in promulgating the damages provision regarding retaliation under the FLSA, emotional distress damages are an available form of compensatory relief under the statute. 355 F.3d at 563–64. Also employing the doctrine of *ejusdem generis,* the Court reasoned that damages for emotional distress are similar in type to the listed forms of relief in the statute in that the purpose served by them is to compensate the victim fully for proven losses. *Id.* The *Moore* Court also noted that although the circuits are split on the issue of the availability of punitive damages under the

FLSA, at least three other circuits directly or indirectly have allowed emotional distress awards under the FLSA to stand. *Id.* at 564 (citing *Travis*, 921 F.2d at 112 [1]; *Broadus v. O.K. Indus., Inc.*, 238 F.3d 990, 992 (8th Cir.2001); *Lambert v. Ackerley*, 180 F.3d 997, 1011 (9th Cir.1999)); *see also Johnston v. Davis Security, Inc.*, 217 F.Supp.2d 1224, 1232 (D.Ut.2002)(citing *Snapp* with approval and finding that emotional distress damages could be available as compensatory damages in a retaliation claim brought under the FLSA).

### III. *Analysis*

Against this backdrop, Defendant asks this Court to limit the full compensation the Eleventh Circuit has acknowledged is required under the FLSA. Defendant requests that this Court engraft a blanket rule that damages for mental anguish can never be awarded in an FLSA suit to make a victim of retaliation whole. Such a blanket pronouncement, however, would clearly run afoul of the Eleventh Circuit's mandate that full compensation is the evident purpose of section 216(b)'s retaliation provision and the Supreme Court's direction that enforcement of the law should not be "narrow and grudging." *Snapp*, 208 F.3d at 934, 939.

In support of this request, Defendant relies principally on *Munoz*, 223 F.3d at 1348. Defendant contends that since the Eleventh Circuit has found that the ADEA does not provide for an award of emotional distress damages, the same result would likely obtain under the FLSA. The *Munoz* decision cites to *Goldstein v. Manhattan Indus., Inc.*, 758 F.2d 1435, 1446 (11th Cir.1985), and the *Goldstein* decision cites

to *Dean v. American Security Insurance Co.*, 559 F.2d 1036, 1038 (5th Cir.1977), for the proposition that neither punitive damages nor emotional distress damages are available under the ADEA. *Munoz*, 223 F.3d at 1348; *Goldstein*, 758 F.2d at 1446. Neither of the Eleventh Circuit decisions undertook any analysis independent of that undertaken by the *Dean* court. *Id.*

The fallacy in Defendant's reliance on this line of ADEA authority is that the *Dean* Court's decision is ADEA focused. Its conclusion was largely based upon the perceived frustration that an allowance of recovery of emotional distress damages would have on the clear legislative preference for the administrative resolution of claims brought under the ADEA. 559 F.2d at 1038–39. The *Dean* Court correctly reasoned that the phrase, "legal or equitable relief as may be appropriate to effectuate the purpose of [the Act]" had to be interpreted in conjunction with the other provisions of the ADEA, the underlying policies of the ADEA and the framework envisioned by the drafters of the ADEA. *Id.* at 1038. The Court noted that administrative remedies and suits brought by the Secretary of Labor are preferred to private actions under the ADEA. *Id.* In support, the Court cited to the legislative history of the ADEA, which revealed that the intent of the drafters was that enforcement under the Act would be directed through informal methods of pre-suit conciliation and that grievances would be mediated. *Id.* This intent was manifested in the language of the ADEA. The ADEA states, in part:

---

1. The Eleventh Circuit in *Snapp* disagreed with the *Travis* analysis and its finding with respect to the availability of punitive damages under the FLSA. *Snapp*, 208 F.3d at 935. The Eleventh Circuit would likely not follow the *Travis* rationale that congress blithely tossed the issue of damages in retaliation cases to

the courts. *Id.* For the reasons explained herein, however, the Eleventh Circuit has expressed that it would likely conclude that an award of emotional distress or mental anguish damages is available as a measure of full compensation to a plaintiff, as the *Travis* court similarly concluded.

Before instituting any action under this section, the Equal Employment Opportunity Commission shall attempt to eliminate the discriminatory practice or practices alleged, and to effect voluntary compliance with the requirements of this chapter through informal methods of conciliation, conference, and persuasion. 29 U.S.C. § 626(b).

The Court also cited to the sixty day notice condition precedent to filing an ADEA complaint as evidence of the manifestation of this intent to promote swift administrative resolution. *Dean*, 559 F.2d at 1038; 29 U.S.C. § 626(d). The purpose of the sixty day notice was to allow time for the Secretary to mediate the grievance. *Dean*, 559 F.2d at 1038. The Court's discussion, along with its citation to the reasoning of the *Rogers* decision, reflects that at the core of its decision was the notion that the allowance of damages for emotional distress under the ADEA would thwart the goal of speedy, uncomplicated administrative resolution of ADEA disputes. *Id.* (citing *Rogers v. Exxon Research & Engineering Co.*, 550 F.2d 834 (3d Cir.1977), *cert. denied* 434 U.S. 1022, 98 S.Ct. 749, 54 L.Ed.2d 770 (1978), overruled on other grounds by *Smith v. Jos. Schlitz Brewing Co.*, 584 F.2d 1231 (3d Cir.1978)(*vacated, Jos. Schlitz Brewing Co. v. Smith*, 442 U.S. 908, 99 S.Ct. 2819, 61 L.Ed.2d 273 (1979))). The *Dean* court recognized the seemingly broad discretion afforded by congress to construct remedies for violation of the ADEA. *Id.* at 1038. The Court reasoned, however, that "[t]he silence of the Act with respect to general damages is entirely consistent with the legislative intent [in the ADEA] to abstain from introducing a volatile ingredient into the tripartite [pre-suit] negotiations..." *Id.* at 1039.

This reasoning underlying the *Dean* decision is not applicable to the FLSA. First and foremost, the FLSA includes no language similar to that in the ADEA regarding an attempt to effectuate compliance through "informal methods of conciliation, conference, and persuasion." Further, a review of the applicable legislative history of the 1977 amendment to the FLSA, which postdates the *Dean* decision, did not reveal any discussions of such an intent by the drafters. Even if there had been such a discussion, no manifestation of such an intent made its way into the language of the FLSA. While the FLSA does authorize the Secretary to use state and local agencies to administer the Act, there is no administrative prerequisite to filing suit, similar to that required under the ADEA. *See* 29 U.S.C. § 211; *Johnston*, 217 F.Supp.2d at 1231–32. Therefore, the *Dean* reasoning, that the availability of damages for emotional distress would thwart legislative intent with respect to speedy administrative resolution, does not apply with equal force to an analysis under the FLSA[2].

Rather, in an FLSA retaliation case where full compensation is the evident purpose and paramount policy, the more reasoned approach is the one suggested by the Eleventh Circuit in *Snapp:* each case should stand or fall on its own merit. 208 F.3d at 937. Significantly in the case *sub judice*, neither party has addressed the strength, weakness or absence of any evidence of the Plaintiff's alleged emotional distress in this case. Until and unless such evidence is presented, however, the

---

**2.** Defendant also cites the Court to *Bolick v. Brevard County Sheriff's Dept.*, 937 F.Supp. 1560, 1566 (M.D.Fla.1996), in which the Court found that emotional distress damages are not available in retaliation claims brought under the FLSA. There, however, the Court followed *Dean* with no independent analysis of the FLSA and decided the case without the benefit of the Eleventh Circuit's decision in *Snapp*. *Id.* at 1567 (citing with approval the portions of the *Bolick* decision denying punitive damages under the FLSA).

Court cannot determine that damages for mental anguish should be disallowed.

Finally, Defendant argues that Plaintiff has waived her ability to assert damages for mental anguish by failing to include them in her complaint. Plaintiff has requested leave to amend the complaint to add a request for damages for emotional distress. Leave to amend shall be given freely. Fed.R.Civ.P. 15. Defendant has not argued that it will be prejudiced in any way if Plaintiff is permitted to amend her complaint to seek compensatory damages for emotional distress. Therefore, Plaintiff's complaint is hereby amended to reflect that she is seeking damages for emotional distress.

Accordingly, it is **ORDERED** that Defendant's Motion For Summary Judgment is **DENIED WITHOUT PREJUDICE** to the Defendant's ability to reassert its claim that Plaintiff has failed to put forth sufficient evidence to warrant recovery of damages for mental anguish. Further, Plaintiff's complaint shall be deemed to include a request for damages for emotional distress under the FLSA retaliation provisions.