# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

—————

No. 15-10932

—————

United States Court of Appeals
Fifth Circuit

**FILED**

December 19, 2016

Lyle W. Cayce
Clerk

SANTIAGO PINEDA, and all others similarly situated under 29 U.S.C. 216(B); MARIA PENA,

Plaintiffs - Appellants Cross-Appellees

v.

JTCH APARTMENTS, L.L.C.; SIMONA VIZIREANU,

Defendants - Appellees Cross-Appellants

—————————————

Appeals from the United States District Court
for the Northern District of Texas

—————————————

Before JONES, BARKSDALE, and COSTA, Circuit Judges.

GREGG COSTA, Circuit Judge:

This appeal raises two questions about the retaliation provision of the Fair Labor Standards Act: Does the Act allow a retaliation victim to recover damages for emotional distress? Does the Act protect a nonemployee spouse from employer backlash? We conclude that the FLSA allows only employees to bring suit, but that an employee may recover for emotional injury resulting from retaliation.

## I.

Santiago Pineda and Maria Pena, a married couple, lived in an apartment owned by JTCH Apartments, L.L.C. and leased to Pena. Pineda did maintenance work in and around the apartment complex. As part of Pineda's compensation for this work, JTCH discounted Pena's rent.

No. 15-10932

Pineda filed this lawsuit initially just seeking unpaid overtime under the FLSA. He sued JTCH and its owner and manager, Simona Vizireanu. Three days after Pineda served JTCH with the summons, he and his wife received a notice to vacate their apartment for nonpayment of rent. The amount JTCH demanded equaled the rent reductions Pena had received over the period of Pineda's employment. In response to the notice, the couple left the apartment.

Pena then joined Pineda's suit, and the amended complaint included retaliation claims based on the back rent demanded after the filing of the lawsuit. *See* 29 U.S.C. § 215(a)(3). During the jury trial that followed, Defendants moved successfully for judgment as a matter of law on Pena's retaliation claim, arguing that a nonemployee like Pena is outside the protections of the FLSA. At the charge conference, Pineda unsuccessfully sought an instruction on emotional distress damages for his retaliation claim.

The jury found for Pineda on both his overtime wage claim and his retaliation claim. It awarded him $1,426.50 on the former and $3,775.50 on the latter. In post-trial rulings, the district court awarded Pena liquidated damages of $1,426.50 and awarded his counsel $76,732.88 in attorney's fees, which was a 25% reduction from the amount requested. The court ordered the reduction primarily because the fee request was "grossly disproportionate to the modest recovery."

Pineda and Pena appeal. Pineda argues that the court should have instructed the jury on damages for emotional harm. Pena argues that she is within the zone of interests protected by the FLSA retaliation provision and thus should have also been able to seek such damages from the jury.

Defendants also appeal. Their brief seeks to undo the jury's verdict on a number of grounds, among them that Pineda was an independent contractor and failed to prove that JTCH was an enterprise engaged in commerce. Their

notice of appeal raising those issues was deemed untimely, however, by a motions panel of this court. The only issue they timely raised relates to the fee award.

## II.

### A

We begin by considering whether the district court should have asked the jury whether it believed Pineda had proven damages for emotional distress. As the availability of such damages under the FLSA is a question of statutory interpretation, our review is *de novo*. *GE Capital Commercial, Inc. v. Worthington Nat. Bank*, 754 F.3d 297, 302 (5th Cir. 2014) ("[W]hen 'a jury instruction hinges on a question of statutory construction, this court's review is *de novo*.'" (quoting *United States v. Garcia-Gonzalez*, 714 F.3d 306, 312 (5th Cir. 2013))).

The damages provision of the FLSA provides the following remedies for retaliation claims: "Any employer who violates the provisions of section 215(a)(3) of this title shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) of this title, including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Although we have not decided whether this language allows a plaintiff to recover for emotional injuries, the two courts of appeals that have analyzed the question have. *Moore v. Freeman*, 355 F.3d 558, 563 (6th Cir. 2004); *Travis v. Gary Cmty. Mental Health Ctr.*, 921 F.2d 108, 112 (7th Cir. 1990). And a number of other circuits have upheld jury awards for emotional damages in FLSA retaliation cases though the legal question was not challenged on appeal. *Travers v. Flight Servs. & Sys., Inc.*, 808 F.3d 525, 530, 539–42 (1st Cir. 2015); *Broadus v. O.K. Indus., Inc.*, 238 F.3d 990, 992

(8th Cir. 2001) (per curiam); *Lambert v. Ackerley*, 180 F.3d 997, 1011 (9th Cir. 1999).

The remedies provision for retaliation claims was added to the FLSA in 1977. *Travis*, 921 F.2d at 111. Prior to the 1977 amendments, plaintiffs only had a cause of action for minimum wage and overtime violations. For those claims, section 216(b) was limited, as it still is today, to awarding lost pay, liquidated damages, and attorneys' fees. *Id.*; 29 U.S.C. § 216(b). The amendment, however, provided a private cause of action to enforce the FLSA's antiretaliation provision (before 1977, the Secretary had to bring an enforcement action). Fair Labor Standards Amendments of 1977, Pub. L. No. 95-151, 91 Stat. 1252 (Nov. 1, 1977). In granting employees the ability to enforce the antiretaliation provision on their own, Congress allowed them to recover not just wages and liquidated damages but also "such legal or equitable relief as may be appropriate." 29 U.S.C. § 216(b). As the Seventh Circuit has recognized, this is expansive language that should be read to include the compensation for emotional distress that is typically available for intentional torts like retaliatory discharge. *Travis*, 921 F.2d at 112 ("Compensation for emotional distress, and punitive damages, are appropriate for intentional torts such as retaliatory discharge."). This also explains the more limited damages available for failure to pay minimum wage or overtime pay because an employer can inadvertently pay less than the law requires, *see* 29 U.S.C. § 255(a) (recognizing that not all FLSA wage and overtime claims are willful); it cannot unintentionally retaliate against an employee who complains about it.

Despite the uniform view of our sister circuits that damages for emotional distress are available in FLSA retaliation suits, this district court was not the only one in our circuit to conclude otherwise. *Compare Little v. Tech. Specialty Prods., LLC*, 940 F. Supp. 2d 460, 479 (E.D. Tex. 2013), *and*

No. 15-10932

*Saldana v. Zubha Foods, LLC*, 2013 WL 3305542, at \*6 (W.D. Tex., June 28, 2013) (holding that emotional distress damages are available under the FLSA), *with Adams v. Cedar Hill Indep. Sch. Dist.*, 2014 WL 66488, at \*6–7 (N.D. Tex., Jan. 8, 2014), *and Douglas v. Mission Chevrolet*, 757 F. Supp. 2d 637, 639–40 (W.D. Tex. 2010) (holding that emotional damages are not available under the FLSA). The disagreement stems from our decisions stating that the remedies provision of the FLSA and the Age Discrimination in Employment Act should be interpreted consistently. *See Lubke v. City of Arlington*, 455 F.3d 489, 499 (5th Cir. 2006). That congruity is the result of the ADEA incorporating the FLSA's remedy provision. *See id.*; 29 U.S.C. § 626(b) (providing that the "provisions of this chapter shall be enforced in accordance with the powers, remedies, and procedures provided in sections 211(b), 216 (except for subsection (a) thereof) and 217 of this title [all FLSA provisions] and subsection (c) of this section"). Applying this equivalence principle, some courts have concluded that our ruling in *Dean v. American Security Insurance Co.*, 559 F.2d 1036 (5th Cir. 1977), that emotional distress damages were not available under the ADEA must mean they are also unavailable under the FLSA. *See, e.g.*, *Mission Chevrolet*, 757 F. Supp. 2d at 639.

The trouble with this line of reasoning is that when *Dean* considered whether the ADEA afforded a remedy for emotional harm by looking to the FLSA remedy provision via the cross reference, it was looking at the pre-1977 FLSA.[1] As already discussed, that statute limited relief to economic damages and did not even allow private retaliation suits. *Dean* thus observed that "[r]eading together the ADEA and the identified sections of the FLSA, an

---

[1] The 1977 Amendments became effective on November 1 of that year, after *Dean* was decided by the court of appeals and more than a year after it was filed in the district court. *See Dean*, 559 F.2d at 1036; *Dean v. Am. Sec. Ins. Co.*, 429 F. Supp. 3 (N.D. Ga. 1976).

employer is subject to liability to the employee for 'unpaid minimum wages or unpaid overtime compensation' and that amount may be doubled to provide 'liquidated damages,' in cases of willful violations." *Dean*, 559 F.2d at 1037.

In contrast to its ready rejection of the argument that the ADEA allowed recovery for emotional distress through its incorporation of the since amended FLSA damages provision, *Dean* spent more time considering whether a stand-alone provision of the ADEA provided such relief. After the ADEA incorporates the FLSA damages provision, it goes on to provide that: "In any action brought to enforce this chapter the court shall have jurisdiction to grant such legal or equitable relief as may be appropriate to effectuate the purposes of this chapter . . . ." 29 U.S.C. §626(b). Analyzing this language, *Dean* concluded that awarding emotional damages to ADEA plaintiffs would "frustrate, rather than [] 'effectuate the purposes'" of the statute because allowing emotional damages would "introduce[] a volatile ingredient into the tripartite negotiations involving Secretary, employee and employer" that is the dispute resolution procedure the ADEA prefers. 559 F.2d at 1038–39 (citing *Rogers v. Exxon Research & Eng'g Co.*, 550 F.2d 834 (3d Cir. 1977)).

We have never said that this freestanding language in the ADEA automatically applies to the FLSA, and that would make little sense. Although the ADEA incorporates portions of the FLSA, the FLSA does not incorporate the ADEA. Nonetheless, much of the language in that ADEA provision—"such legal or equitable relief as may be appropriate to effectuate the purposes of this chapter"—is similar to the language Congress added to the FLSA in 1977. But the final "as may be appropriate to effectuate the purposes" phrase on which *Dean* focuses warrant a different result when it comes to the FLSA retaliation provision. The FLSA has no comparable legislative preference for the ADEA's administrative conciliation and mediation scheme that motivated the ruling in

No. 15-10932

*Dean.* 559 F.2d at 1038; *see also Bogacki v. Buccaneers Ltd. P'ship*, 370 F. Supp. 2d 1201, 1205 (M.D. Fla. 2005) (refusing to apply *Dean* to an FLSA claim because "the core of its decision was the notion that the allowance of damages for emotional distress under the ADEA would thwart the goal of speedy, uncomplicated administrative resolution of ADEA disputes"). Instead of requiring exhaustion of remedies before an agency like the EEOC, the FLSA follows the path of tort law, authorizing immediate suits by employees to provide compensation and deterrence. *See Bogacki*, 370 F. Supp. 2d at 1204–05; 29 U.S.C. § 216(b).

We thus conclude that our case law interpreting the ADEA is no obstacle to joining other circuits in deciding that the FLSA's broad authorization of "legal and equitable relief" encompasses compensation for emotional injuries suffered by an employee on account of employer retaliation.

The question remains whether there was a factual basis for instructing the jury on that type of damages in Pineda's case. Indeed, this question, rather than the legal question about whether the FLSA generally allows damages for emotional distress, is the one Defendants raise in defending the trial court's ruling. We find, however, that the evidence is sufficient to have the jury decide the question. During trial, Pineda testified to experiencing marital discord, sleepless nights, and anxiety about where his family would live after JTCH made what the jury found to be a retaliatory demand for back rent. Such testimony is sufficient to enable a jury to find that the plaintiff experienced compensable emotional distress. *See Salinas v. O'Neill*, 286 F.3d 827, 832 (5th Cir. 2002) ("Damages for emotional distress may be appropriate, however, where the plaintiff suffers sleeplessness, anxiety, stress, marital problems, and humiliation."). A question asking whether Pineda had proven any damages for emotional distress should have been submitted to the jury.

No. 15-10932

## B

Pena also sought emotional damages.  But even before ruling on the emotional damages question, the district court dismissed Pena's retaliation claim in its entirety because she was not an employee of JTCH.  She contends that she was nonetheless protected by the FLSA because as the spouse of an employee retaliated against for his complaints, she was within the zone of interests the statute protects.  *See Thompson v. N. Am. Stainless, LP*, 562 U.S. 170, 178 (2011) (using the zone of interests test for determining who may bring an action alleging retaliation under Title VII).

Pena's attempt to apply *Thompson* to her situation ignores a critical distinction between the text of Title VII it addressed and the FLSA's retaliation provision.  Under the FLSA, it is only unlawful "to discharge or . . . discriminate against any *employee* because such employee has filed any complaint."  29 U.S.C. § 215(a)(3) (emphasis supplied).  In contrast, the remedies provisions of Title VII permit a "person claiming to be aggrieved" to file a civil suit.  42 U.S.C. § 2000e-5(f)(1).  The Supreme Court read these words to authorize suits by a person, in that case the terminated fiancé of a coworker who filed a discrimination complaint, in the zone of interests sought to be protected by Title VII.  *Thompson*, 562 U.S. at 178.  In the FLSA, the obstacle to a suit by a nonemployee like Pena is found not in the remedies provision but in the substantive prohibition of retaliation.  The wage and hour law only prohibits discharging or discriminating against an "employee."  29 U.S.C. § 215(a)(3).  In light of this language, it is not surprising Pena is unable to cite any case allowing a nonemployee to bring an FLSA retaliation claim.  The district court correctly dismissed Pena's retaliation claim.

8

### III.

Defendants appeal the district court's award of attorney's fees to Pineda. They do not, however, contest the accuracy of the time entries or the reasonableness of that time in light of the factors listed in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). Instead, they assert that the plaintiffs violated Federal Rule of Civil Procedure 11 by filing a complaint in bad faith. They also rely upon the doctrine of excessive demand, a creature of Texas law. Both of these arguments rest on allegations that plaintiffs' counsel did not settle the case at an early state before significant fees accrued. The problem is that Defendants waived these arguments by not bringing them before the district court in a proper manner. With respect to Rule 11, Defendants never filed a separate motion for sanctions with the district court, instead only invoking the rule in their opposition to Pineda's motion for attorneys' fees. *See* FED. R. CIV. P. 11(c)(2) ("A motion for sanctions must be made separately from any other motion . . . ."). As a result, there are no district court findings on the fact-intensive allegations Defendants raise—and the counterallegations opposing counsel makes about the course of the litigation—for us to review or consider in assessing the fee award. As to the excessive demand argument, Defendants did not raise it in any manner in the district court. *See Crawford Prof'l Drugs, Inc. v. CVS Caremark Corp.*, 748 F.3d 249, 267 (5th Cir. 2014) (stating general rule that arguments not raised before the district court are waived).

With no challenge to the fee award properly before us, we affirm the district court's award. This case is not over, however. Because we hold that damages for emotional distress are available in an FLSA retaliation suit, and the district court's ruling to the contrary was made prior to instructing the jury rather than after the verdict was rendered, the case must be remanded for a

determination whether Pineda has proven any such harm. Given the significant discrepancy the district court has already noted between the fees expended and the amounts recovered, counsel are instructed to complete the final aspect of this case in an expeditious, cost-sensitive manner.

**\* \* \***

The judgment is AFFIRMED in part, REVERSED in part, and the case REMANDED for trial on Pineda's entitlement to compensation for emotional distress.

No. 15-10932

JONES, Circuit Judge, concurring:

I concur in this good opinion and write only to emphasize the panel's admonition that this case ought to be terminated expeditiously and at minimum cost to the defendants. Testimony in the record implies that Pineda may have filed this suit for a tiny sum partly to retaliate after the apartment manager reported his possible child abuse to law enforcement. The record also demonstrates unacceptable hardball tactics by plaintiff's counsel, including the ex parte freezing of the defendant's bank accounts. Even worse, this and other tactics seem to reflect counsel's standard operating procedure to maximize recovery for minimum FLSA violations. Federal courts must be vigilant to prevent procedural abuses.