[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 20-13069

_____

NICHOLAS DICKSON,

Plaintiff-Appellant,

*versus*

UNITED FAMILY MEDICAL CENTER, INC.,
CATHERINE EMERUWA,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:18-cv-03448-LMM

_____

Before WILLIAM PRYOR, Chief Judge, LAGOA, Circuit Judge, and SCHLESINGER,* District Judge.

PER CURIAM:

Nicholas Dickson appeals the denial of his request for emotional-distress damages based on his claim of retaliatory employment termination. Dickson sued his former employer, United Family Medical Center, Inc., and its owner, Catherine Emeruwa, for failing to pay him overtime wages and for retaliating against him for complaining about those unpaid wages, in violation of the Fair Labor Standards Act. 29 U.S.C. §§ 207, 215(a)(3). United Family Medical and Emeruwa defaulted. After concluding that Dickson had established a *prima facie* case for his claims of unpaid wages and retaliation, the district court held a hearing to determine damages.

---

* Honorable Harvey E. Schlesinger, United States District Judge for the Middle District of Florida, sitting by designation.

Dickson testified in detail about the emotional distress he suffered because of losing his job with United Family Medical. He recounted his resulting financial difficulties, which led to marital problems with his then-wife, his family's refusal to see him until he repaid the money his father lent him, conflicts with his previous wife about visiting his children because he could not afford child support, and homelessness for two months. He also discussed receiving psychiatric treatment for severe anxiety and sleeping medications for insomnia, and he mentioned gaining 40 pounds from stress eating.

The district court entered default judgment for Dickson. It awarded him unpaid and lost wages, liquidated damages, and attorney's fees and costs, but denied his request for emotional-distress damages. It explained that Dickson "described his emotional distress at the hearing but did not assign to that injury a sum

4                      Opinion of the Court                20-13069

certain. [It was] not convinced that [Dickson was] entitled to the recovery of these damages on this Record and under Eleventh Circuit law." Dickson appealed the denial of emotional-distress damages.

We conclude that the district court's decision to deny Dickson emotional-distress damages is incapable of meaningful appellate review. It is unclear to us why the district court denied Dickson these damages. If the district court found Dickson's testimony about his emotional distress not credible, it did not explicitly say so. And we cannot discern what, precisely, the district court meant by "Eleventh Circuit law." For example, to the extent that it denied the request for damages because Dickson "did not assign to [his emotional-distress] injury a sum certain," our circuit precedent holds that damages could be awarded because the district court held a hearing. *See Adolph Coors Co. v. Movement Against Racism*

20-13069                Opinion of the Court                5

& the Klan, 777 F.2d 1538, 1543–44 (11th Cir. 1985) ("Damages [for an amount that is not a liquidated sum or capable of mathematical calculation] may be awarded [as part of a default judgment] only if the record adequately reflects the basis for award *via a hearing* or a demonstration by detailed affidavits establishing the necessary facts." (emphasis added) (internal quotation marks omitted)); *see also* FED. R. CIV. P. 55(b). To the extent that it found that Dickson's testimony did not adequately support a damages award, our precedent provides that, "[a]s a general rule, general compensatory damages . . . need not be proven with a high degree of specificity," and that a plaintiff's testimony alone may support an award of emotional-distress damages, so long as it "establish[es] that the plaintiff suffered demonstrable emotional distress, which must be sufficiently articulated." *Akouri v. Fla. Dep't of Transp.*, 408 F.3d 1338, 1345 (11th Cir. 2005). And we have not ruled on the availability of

6                    Opinion of the Court                    20-13069

damages for emotional distress caused by illegal retaliation under the Fair Labor Standards Act. *See* 29 U.S.C. § 216(b) (providing remedies for violations of the Act); *cf. Pineda v. JTCH Apartments, L.L.C.*, 843 F.3d 1062, 1064–66 (5th Cir. 2016) (agreeing with other circuit courts that emotional-distress damages are available as relief for retaliation under section 216(b), and distinguishing former Fifth Circuit precedent barring emotional-distress damages for retaliation under the Age Discrimination in Employment Act).

We **VACATE** and **REMAND** for reconsideration in the light of this opinion.